Bergen v. Jones.

---

## ALEXANDER BERGEN *vs.* JOHN JONES.

Under the Rev. Sts. c. 81, § 34, if an appeal from the court of common pleas is no entered in the supreme judicial court at the prescribed term, by reason of any mistake or accident, it cannot legally be entered at any other term of said court, except upon a written petition for leave so to enter it, and after notice of such petition regularly served upon the appellee.

MOTION by the defendant to dismiss the action. The following agreed statement of facts was submitted to the court :

At the January term, 1840, of the court of common pleas

judgment was rendered for the defendant, on a common demurrer, and an appeal taken by the plaintiff to this court.   No entry was made, on the docket of the court below, of an intention to enter the appeal at an adjourned term of this court, and no notice of such intention was given to the defendant's attorneys ; but the action was entered in this court on the 8th of February 1840.   There had been an adjournment of this court (November term 1839) from the 11th to the 20th of January 1840, and the juries had been dismissed.   The court sat in bank from January 20th to February 3d, when new juries were ordered in, and the court resumed its sittings for trials by jury, and continued the same until the 24th day of February.

The action was entered in this court, as above stated, on the ground that the facts aforesaid constituted an adjourned session thereof.   At the same term, a motion to dismiss the action was filed by the defendant's attorneys, founded on the above mentioned facts.   At March term 1840, of this court, the action was put on the law docket, but was not reached in course.   At November term 1840, the plaintiff's attorney, after giving written notice to the defendant's attorneys of his intention so to do, moved the court that the action should be struck from the docket, as a misentry, and entered anew at that term.   This motion was made orally, and no written petition for leave to make such entry was presented to the court or filed in the clerk's office. The judge, who presided at the time this motion was made, ordered that it be granted.   A record was then made of the misentry, the action was struck from the docket, and was reëntered at said term.   At a subsequent day in said term, the present motion to dismiss was filed, and at March term 1841, it was put on the law docket, but was not reached.   It is now in order before the court.

If the court are of opinion, on the facts, that the motion ought to be granted, the action is to be dismissed : If otherwise, the motion is to be overruled.   Costs according to law.

*Aylwin & Paine*, for the defendant.

*Greenough*, for the plaintiff.

SHAW, C. J.   It is of great importance, that all the rules of

law, whether prescribed by statute or otherwise — regulating the sitting of courts, the return of process, and the entry of actions, the time and place for entering appeals, for entering exceptions, and also for entering causes in a court below, which have been remanded there for trial — should be plainly expressed, well understood and strictly complied with. It is this which gives the court jurisdiction of the parties ; and when a court has jurisdiction of the parties, and of the subject matter, such is the liberality of modern practice, that almost every other kind of error and defect may be corrected by amendment. But when it is left doubtful, either by the uncertainty of the law, or by the irregularity of the proceedings, when and where the parties are to have day in court, for the judicial contestation of their rights, no amendment can remove such uncertainty, or enable the court safely to proceed. *Bell* v. *Austin,* 13 Pick. 90.

The present case comes before the court on a motion to dismiss the action, on the ground that the plaintiff, having taken an appeal to this court from the court of common pleas, has failed to enter his appeal, in any of the modes warranted by law ; that he has thereby discontinued his action, has no day in court, and therefore that the court can give no judgment. The facts, on which the motion is founded, appear by the records and docket of the court ; and they are summed up, in the agreed statement of facts. Judgment was entered in the court of common pleas in January 1840, on common demurrer, from which the plaintiff claimed an appeal in general terms, not giving notice of his claim to enter it at any adjourned term of this court. By the general rules of law in this Commonwealth, an appeal to a superior court, in civil actions, is an appeal to the appellate court, at its next regular term, as fixed and stated by law. But there is a provision in the Rev. Sts. *c.* 81, § 48, that appeals from the court of common pleas, in civil actions, may, at the option of the appellant, be entered at any session of the supreme judicial court held by adjournment, before the stated term ; provided that the appellant, at the time of claiming the appeal, give to the adverse party written notice of his intention so to enter the appeal. I am not aware that there has ever been any judi

cial exposition of this statute, determining what shall be deemed a session of the supreme judicial court, held by adjournment Shall it be a case where the appellate court has adjourned, before the time of the appeal taken, to some day then future ? Or shall it be deemed a session by adjournment, for this purpose, when the court may adjourn from day to day, or from Saturday to Monday, or if that should happen to be a day of election, or other public day, to Tuesday ? The provision from which this enactment in the revised statutes was adopted, ( *St.* 1820, *c.* 14, § 9,) does not throw much light on the subject ; it authorizes such an appeal, " whenever the supreme judicial court, at any term thereof, shall be adjourned to any future day." This clause in the earlier statute rather favors the idea, that it is a day, to which the appellate court stands adjourned, and can be so known and understood by its record, at the time when the appeal is so taken. Perhaps it would be competent for the court, and a convenient practice, to pass an order, and enter it of record, fixing a certain day, or days, before the next regular term, on which the court would hold a session, by adjournment, for the purpose of receiving appeals, in both civil and criminal cases, brought up by exception, and for the return of orders of notice, and perhaps some other process.

But this question is immaterial in the present case. If on the 8th day of February, on which the appeal was entered, there was a session by adjournment, the entry of the appeal at that session could not be good, because the appellant, at the time of the appeal, had given no *notice in writing* to the adverse party of his intention so to enter it. Such notice, being in the nature of process, by which a party is called into court, to answer judicially, the rule requiring it is to be construed with reasonable strictness. A verbal notice, when a written one is required, would be no more sufficient, than a verbal notice by a person to another of his intention to enter an action against him, without service and return of legal process. Besides ; the appellee is entitled to such notice, under the hand of the other party, to enable him, when he attends at the time and at the court specified, and the appellant does not enter his appeal, to enter his

complaint, and have an affirmation of his judgment. We are strongly inclined to think it would be a reasonable construction of the statute, a construction arising from reasonable implication, that notice of such special appeal to an adjourned session should be entered on the docket, or filed with the papers, or in some way notified to the clerk, to enable him to take the recognizance, and make up the judgment, prepare the papers, and perform the various duties incumbent on him.

We therefore consider the entry made on the 8th of February a mere void act, of which the appellee was not bound to take notice. The appeal then was to the next regular term of this court, March 1840. The plaintiff might then have entered his appeal, and failing to do so, the defendant might have entered his complaint for affirmation of judgment. But neither was done. It stood over, without farther action, to November term 1840. At that term, the appellant moved the court, sitting at *nisi prius*, for leave to strike off the action, by stating it as a *misentry*, and to enter it again, as of that term. Written notice of this motion was given to the defendant's attorneys, who did not appear ; and, without opposition, the motion was allowed. This was in effect two motions by the plaintiff, one to dismiss his appeal, as a misentry ; the other for leave to enter his appeal, after the time allowed by law, on the ground that it had been omitted by mistake or accident. In regard to the former, there could be no objection to the dismissal of the appeal, on his own motion ; but it was an admission on his part, that the entry of the appeal in February 1840 was wrong ; and it was a voluntary act, by which he waived the right of asking the opinion of the court upon its regularity.

Whether the entry of the appeal as of that term could be allowed on that motion, is the question. The authority of the court to allow an appeal, after the term to which it is regularly taken, and when the parties are out of court, by discontinuance, by a failure then to enter it, is a statute power, and the terms of the statute must be complied with. The appellant conterds that these terms were substantially complied with.

The provision, by the Rev. St. *c.* 81, § 34, is, that when

" by reason of any mistake or accident, an appeal shall not be *duly* entered at the supreme judicial court, the court may, on the *petition* of the appellant, allow the appeal to be entered at any other term." Sect. 36 declares, that no such petition " shall be maintained, unless it be *presented* to the *court*, or *filed* in the clerk's office, within one year after the term at which it ought to have been entered."

The word " petition," as used in judicial proceedings, and uniformly, as we believe, in the revised statutes, is used to describe an application in writing, in contradistinction to a motion, which may be *viva voce*. This meaning, we think, is implied by the terms, " presented " and " filed." The same is more distinctly implied in *St.* 1791, *c.* 17, § 1, from which this provision of the revised statutes is taken. There it was provided, that such petition should be " exhibited " &c. In the analogous case of petition for review, it is required that the petition be indorsed ; *c.* 99, § 29 ; which would put the matter beyond doubt in that case, if doubt existed.

But further ; we think it must be an application in writing, because notice is to be issued thereon to the adverse party. By the discontinuance, the cause is at an end ; the parties are out of court ; the authority of the attorney of record in the cause, in contemplation of law, ceases with the termination of the suit. The course indicated by the statute is intended to bring them before the court by a new process. The foundation of the proceeding is the petition ; an order of notice is to go to the party, to be regularly served and returned. We are not aware that there is any express direction that notice be given ; but notice, in such case, is of common right. In the analogous case of petition for review, we believe there is no direction that notice be given, except by implication. The Rev. Sts. *c.* 99, § 21, provide that the petition may be filed before the court in one county, and that the order of notice issued thereon, may be made returnable in another. But in one of the earlier statutes, on the same subject, *St.* 1788, *c.* 11, § 1, the court " on due notice to the adverse party, are empowered," &c. The same statute, § 3, first provided for the case where an appeal had been or might be

Bergen *v.* Jones.

prevented or lost by accident or mistake, and the party should petition, in manner aforesaid, the court might grant a review "in manner aforesaid," that is, "on due notice to the adverse party." If no such express direction is given in the later enactments, we think it is because notice is of common right, and must necessarily be implied. The revised statutes were passed, after there had been a long and uniform course of practice. upon which notice had been given upon such petitions, whether specially required by statute or not, and this course of practice was well known to the commissioners and to the legislature, and must be considered as constantly understood and referred to, in expounding those statutes. Such notice, being in the nature of an original summons — there being no cause pending, and of course no attorney of record — must be given to the party whose rights are to be affected by the judgment ; and notice to the former attorneys is insufficient.

Such being, in our opinion, the requisites of the statute, it is very clear that a *viva voce* motion, and a notice to the former attorneys, was not a compliance with them ; the case was *coram non judice*, and the order, allowing the entry of the appeal at that term, was void. Whether the plaintiff has any remedy, or whether his case comes within any of the saving clauses of Rev. Sts. c. 120, § 11, we give no opinion. The case is dismissed from the docket, without costs to either party.