# CHARLESTON.

CYRUS M. BOGER v. BERTHA M. BOGER.

Submitted September 1, 1920. Decided September 7, 1920.

1. DIVORCE—*Divorce Statute is to be Resorted for Statement of Causes.*

   The divorce statute of this state, Code, ch. 64, fully, completely and comprehensively covering and dealing with its

subject matter, is not merely amendatory of other laws; wherefore it alone is to be resorted to for the grounds or causes for divorce.  (p. 592).

2.  SAME—*Statute Construed to Deny Divorce.*

Section 13 of said chapter, providing for an absolute divorce, on the application of the injured party, after the lapse of two. years from the date of the bringing of a suit in which a divorce from bed and board has been awarded, and proof of lack of reconciliation of the parties and improbability that it will occur, impliedly withholds from the other party r'ght to obtain an absolute divorce on such grounds.  (p. 592).

3.  SAME—*One Divorced from Bed and Board Cannot be Guilty of "Desertion;" "Abandonment."*

As a divorce from bed and board authorizes the party in whose favor it is granted, to live separate and apart from the other and absolves the former from all personal duty to the latter, the party obtaining the divorce and exercising the rights conferred by it cannot be guilty of desertion or abandonment of the other, within the meaning of the law.  (p. 592).

4.  SAME—*Party Seeking Modification of Order Awarding Alimony and Custody of Children Has Burden of Proof.*

To obtain a modification of a decree of divorce, respecting the alimony or custody of the children, awarded by it, the petitioner must set forth in his pleading such facts and circumstances as will, if established by proof, entitle him to the relief he desires: Mere claims and conclusions stated in general terms are insufficient.  (p. 593).

5.  SAME—*Bill for Modification of Absolute Divorce Held Bad for Uncertainty.*

Allegations in a bill praying specifically for an absolute divorce and for general relief, which, if full and definite enough, might afford ground for modification of an existing decree, as to alimony and custody of children, but which were manifestly inserted as constituting in part the ground of divorce set up, are within the condemnation of the rules of pleading requiring reasonable certainty.  (p. 593).

(WILLIAMS, PRESIDENT, absent.)

Certified Questions from Circuit Court, Wood County.

Bill by Cyrus M. Boger against Bertha M. Boger for divorce

from the bonds of matrimony filed more than 2 years after a decree of divorce from bed and board on a bill filed by defendant. Demurrer to bill sustained, and questions certified.

*Ruling of circuit court sustained.*

*John F. Laird* and *W. H. Wolfe,* for plaintiff.
*Merrick & Smith* and *F. B. Burk,* for defendant.

POFFENBARGER, JUDGE:

Having sustained a demurrer to a bill for divorce from the bonds of matrimony, filed by a husband, more than two years after the entry of a decree of divorce from bed and board, on a bill filed by the wife, the circuit court has certified the question of the sufficiency of the husband's bill.

It is based upon the theory of a desertion or abandonment of the husband by the wife, after the procurement of the divorce *a mensa et thoro,* evidenced by her indifferent and offensive treatment of him. He has paid the alimony decreed against him and permitted her to reside with their children, in his home, since they were divorced. Nevertheless, she and the children, the latter supposedly by her inducement. have treated him badly, he alleges, and made it perfectly apparent that reconciliation is impossible. It would be useless to detail here the alleged facts and circumstances relied upon as proof of the wife's purpose never again to cohabit with him. If there could be desertion or abandonment, by the party in whose favor a divorce from bed and board has been granted, except in the case of remarriage or valid resumption of the marital relation, after the award of the divorce, within the meaning of the law, the facts alleged in the bill might be sufficient to constitute it. There is no occasion to say whether they would or not.

Desertion under such circumstances is a legal impossibility. The decree awarded the wife affirmed her right to live separate and apart from her husband and absolved her from duty to cohabit with him or even to treat him kindly. Though still his wife in a qualified sense, she was relieved of personal duty to him in any way. She could lawfully absent herself from him. Her exercise of that right could not amount to any misconduct or wrong toward him, in the legal sense of the terms. If, as the argument assumes, it is wrong to deny him freedom from the

bonds of matrimony, while he is cut off from association with his wife and children and exposed to their indifference and perhaps hatred, the wrong done him is not a legal one for which the law affords redress; wherefore he is not within the legal maxim he invokes. There are a great many moral, economic, social, marital and other wrongs of which the law takes no notice. Presumtively, his wrongful conduct brought about the altered status of which he complains, and the Legislature, in denying him a right which it has extended or permitted to her, has no doubt applied another maxim of equal wisdom, namely, that no person shall be permitted to take any advantage, or to profit in any way, by his own wrong.

It is admitted that the statute authorizing an absolute divorce in any case in which two years have elapsed from the bringing of the suit in which a decree from bed and board has been entered, without a reconciliation or probability of it, Code, ch. 64, sec. 13, in terms confers the right to obtain an absolute divorce upon the injured party only. These terms legally as well as literally deny and forbid the relief claimed. Bestowal of the right upon the injured party in express terms impliedly withholds it from all others, if the statute is not merely amendatory of ecclesiastical law under which limited divorces were anciently allowed in England. Specification of one thing impliedly excludes all others in both common sense and law.

The statute is not amendatory of either the common or the ecclesiastical law. It is full, complete and comprehensive, covering every phase of divorce; wherefore it was manifestly designed by the Legislature to be a substitute for all other law applicable to that subject. *State* v. *Hardin,* 62 W. Va. 313; *Grant* v. *Baltimore & Ohio R. Co.* 66 W. Va. 175. It would be difficult to find in our code or any other a more comprehensive statute. It covers the entire subject fully and in detail. Much of it is taken from the common and ecclesiastical laws, or course, but obviously that does not make it amendatory. Equity procedure gets into it by express legislative adoption, not by interpretation. Code, ch. 64, sec. 8.

The bill contains allegations of inability longer to pay the alimony awarded by the decree in the first suit and neglect of the children, the youngest of whom is sixteen years old, each of

whom probably has the right now to say with which parent he prefers to reside and all of whom are alleged to be unfriendly to the plaintiff. As to the character and value of the plaintiff's estate and the amount of his income, the bill is very general and indefinite. No particulars are stated. Nor does it disclose the character or extent of the alleged ill treatment or neglect of the children. All of this matter seems to have been inserted, along with an allegation of inability to obtain from the house certain articles of personal property, as constituting in part the alleged ground of divorce. No specific relief respecting them is asked, nor are they relied upon in argument here. Read in the light of the manifest purpose and prayer of the bill, these allegations cannot afford a basis of relief respecting alimony, custody of children or personal property, because of their indefiniteness and uncertainty. If they clearly evinced purpose to obtain such relief and were full and definite enough to make out a case, the bill might possibly be treated as a petition in the original cause which has been retained for modification of the decree, respecting alimony and the custody of the children.

Our decision will be that the demurrer was properly sustained.

*Ruling of circuit court sustained.*