CHARLES EDWARD NIELD *v.* ELTA V. NIELD

(No. 9494)

Submitted January 12, 1944. Decided February 1, 1944.

*Vernon E. Rankin,* for appellant.
*H. G. Shores,* for appellee.

LOVINS, JUDGE:

The Circuit Court of Mineral County rendered a decree on January 31, 1942, by which Charles E. Nield was granted a divorce from Elta V. Nield, and the latter was given custody of the three infant children of the marriage. The decree states that the husband had made sufficient provision for the children, reserved the right to fix the amount to be paid by him for their support and retired the cause from the docket.

On application of the former wife the Circuit Court of Mineral County entered a decree on February 22, 1943,

by which Nield was required to pay the sum of sixty dollars per month for the support of the children, to pay twenty-five dollars as counsel fees, and adjudged costs against him. This appeal was granted to review the last-mentioned decree.

The appellee caused a notice to be served on appellant that she would apply on February 6, 1943, for an increase in the amount then being paid by him for the support of the children and for an allowance of a reasonable fee for counsel. The notice recites that appellant was then paying the sum of forty dollars a month for the support of the children and that the same was inadequate. No petition or other pleading was filed by appellee. Appellant filed a writing which he designated a demurrer to the notice, and which is in the form of a demurrer as prescribed by Code, 56-4-36. Three reasons are assigned for the denial of the application, but in no way challenge the sufficiency of the notice or service thereof. The gist of the reasons so assigned was that the application could not be heard or considered as appellee had not filed a petition alleging facts on which to base the alteration of the first decree.

The application was heard on former papers filed in the cause, the decree of January 31, 1942, the notice served on appellant, appearance of appellee, special appearance of appellant, objection of appellant to the hearing, the motion of appellee to reinstate the cause on the docket for the purpose of the hearing, the writing denominated a demurrer to the notice and the oral testimony relative to appellant's employment and earnings. Upon the hearing the trial chancellor entered the decree as hereinabove indicated.

It does not appear that prior to the hearing that any specific sum had been fixed by the court for the support of the children although the decree entered February 22, 1943, recites that an allowance of forty dollars a month for that purpose was made by the decree of January 31, 1943.

The notice served on appellant states a fact and a conclusion: That forty dollars a month was being paid for the children's support and that the amount was inadequate. The notice was not addressed to the court and contained no prayer for relief. The liberal rule that substance of a pleading filed in a suit rather than its form determines its effect has been accepted and applied in this jurisdiction. *McKinley* v. *Queen,* 125 W. Va. 619, 25 S. E. 2d 763. Nevertheless the notice served on appellant cannot be considered and treated as a petition or any kind of pleading.

Excluding a demurrer to the evidence, a demurrer may be defined as a written objection to a pleading and does not reach defects in other papers. *Abell* v. *Penn Mutual Life Insurance Co.,* 18 W. Va. 400; *Baker* v. *Letzkus,* 113 W. Va. 533, 168 S. E. 806; *State* v. *Tomlin,* 86 W. Va. 300, 103 S. E. 110. See *Grant* v. *Wyatt,* 61 W. Va. 133, 56 S. E. 187. There being no pleading to which objection could be made the paper referred to in the record as a demurrer cannot be so considered, but it was sufficient as a written motion to dismiss the application for lack of a petition.

A court of equity has no inherent jurisdiction of a suit for divorce, the authority to hear and determine the same being derived from statute. *White* v. *White,* 106 W. Va. 569, 570, 146 S. E. 376; *McCotter* v. *Carle,* 149 Va. 584, 140 S. E. 670; Schouler on Marriage, Divorce, Separation and Domestic Relations, 6th Ed., Vol. 2, Section 1468. Equity jurisdiction in divorce suits is to be exercised in the manner prescribed by legislative enactment. *McClotter* v. *Carle, supra.* The authority for revision and alteration of a prior decree concerning minor children of divorced parents is conferred on courts by Code, 48-2-15, as amended by Chap. 35, Acts of the Legislature, 1935, reading in part as follows: "* * * and the court may also from time to time afterward, on the petition of either of the parties, revise or alter such decree concerning the care, custody, education and maintenance of the chil-

dren, and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require. * * *".

It will be observed from the portion of the statute quoted that a court acts on a petition in modifying a former decree relative to the maintenance of children of divorced parents. The term petition, as related to equity procedure, connotes an application in writing addressed to a court or judge, stating facts and circumstances relied upon as a cause for judicial action, and containing a prayer for relief. *Bergen* v. *Jones*, 45 Mass. 371; *Lawrey* v. *Sterling*, 41 Or. 518, 69 P. 460; see Black's Law Dictionary, 3rd Ed., page 1358; Bouvier's Law Dictionary, Rawles' 3rd Ed., Vol. 3, page 2578. A petition is to be distinguished from a motion which may be made *viva voce*. *Shaft* v. *Phoenix Mutual Life Insurance Co.*, 67 N. Y. 544, 23 Am. Rep. 138. The appellee failed to file a petition as defined above, and as required by statute, and the decree entered by the court in the absence of pleading upon which the same could be based, renders the decree of February 22, 1943, void. *Kelner* v. *Cowden, Adm'r.*, 60 W. Va. 600, 606, 55 S. E. 649.

The question here involved does not relate to the jurisdiction of the court, but to the manner in which jurisdiction was attempted to be exercised. A sufficient pleading is one of the prerequisites to modification of a decree of divorce with respect to alimony and custody of children. *Boger* v. *Boger*, 86 W. Va. 590, 104 S. E. 49. We know of no reason why the same rule should not apply and control when the desired modification of a decree of divorce relates to the amount to be paid for support of children of divorced parents. Facts and circumstances should be alleged and established by proof, from which the necessity and legality of the modification of the former decree may be made to appear. A person who may be required to pay additional sums of money for support of infant children by the modification prayed for is entitled to an opportunity to deny the facts alleged on which the

application for modification is grounded. But no such opportunity would be given if a decree is modified on an oral motion.

Requirements of orderly procedure, the provisions of the statute hereinabove quoted, and the holding of this Court in the case of *Boger* v. *Boger, supra,* lead to the conclusion that a petition must be filed as a part of the procedure on an application to modify a former decree with respect to the support of minor children of divorced parents. Nothing said herein is intended to deprive a trial court of its discretion in passing on the merits of an application for the maintenance and support of minor children. However, we are of opinion that the manner of exercise of that discretion is prescribed and controlled by the statute hereinbefore quoted.

The decree of the trial court is reversed and the cause remanded for further proceedings consistent with the principles herein expressed.

*Reversed and remanded.*