STATE ex rel. BETTY LOU WARREN

(NOW BETTY LOU MYNES)

*v.*

WILLIAM W. ROBERTS, *Judge*, DOMESTIC RELATIONS

COURT OF CABELL COUNTY, W. VA., AND GLEN A. WARREN

(No. 11073)

Submitted September 29, 1959. Decided November 3, 1959.

*Darnall & Means, R. E. Tyson,* for relator.

*J. J. N. Quinlan, J. E. Nelson,* for respondents.

742

Browning, Judge:

Relator, Betty Lou Warren, now Betty Lou Mynes, filed her original petition in this Court for a writ of prohibition directed to the respondents, William W. Roberts, Judge of the Domestic Relations Court of Cabell County, and Glen A. Warren, her former husband, prohibiting them from enforcing a certain decree, entered on December 23, 1958, transferring custody of Helen Teresa Warren, theretofore awarded to relator, to the respondent, Glen A. Warren.

The petition alleges that by decree of the Domestic Relations Court of Cabell County, entered June 11, 1958, the marriage between relator and respondent, Glen A. Warren, was annulled and the custody of an infant child, Helen Teresa Warren, awarded to the relator. Subsequently, on November 21, 1958, relator was served with the following notice (designated "Petitioner's Exhibit #2" and attached to the petition) :

"You are hereby notified that I will, on the 24th day of November, 1958, at 1:30 o'clock in the afternoon, or as soon thereafter as I may be heard, move the Judge of the Domestic Relations Court to modify that certain decree, entered in the aforesaid court on the 11th day of June, 1958, wherein you were awarded the care, custody and control of our infant child, Helen Teresa Warren and $50.00 per month support money for you and $50.00 maintenance for the aforesaid child, the conditions having changed since you were awarded the custody of said child, I shall move the court to grant me the custody of said child, upon the grounds that you have not conducted yourself as a fit mother and the child is deprived of a parent's love, among other things, at which time and place you may be present and protect your interest, if any.

s/Glen A. Warren
By Counsel"

The petition then alleges that: the hearing upon the above notice was continued from time to time until De-

cember 23, 1958; no petition requesting a modification of the decree of June 11, 1958, was ever filed, but such hearing was held solely on the basis of the notice; on December 23, 1958, the Domestic Relations Court entered a decree transferring custody of the infant to the respondent, Glen A. Warren; and, concluded with the prayer heretofore mentioned.

A rule to show cause why the writ should not be awarded as prayed for, directed to the respondents was issued by this Court on July 1, 1959, returnable September 29, 1959. Respondents answered, admitting the facts set forth in relator's petition and alleged relator's appearance, with counsel, pursuant to the notice, the extensive introduction of evidence in behalf of both parties, and further alleged that relator did not demur to the notice, did not plead specially, nor otherwise make any objection to the action of the Court, to which answer relator replied generally.

The Domestic Relations Court of Cabell County was created by Chapter 140, Acts of the Legislature, Regular Session 1949, and, among other things, was granted concurrent jurisdiction with the circuit court of that county in all matters and causes coming within the purview of Chapter 48 of the Code.

Code, 48-2-15, as subsequently amended, provides:

"* * * upon decreeing the annulment of a marriage, or a divorce, the court may make such further decree as it shall deem expedient concerning the care, custody, education and maintenance of the minor children * * *; and the court, or the judge thereof in vacation, may also from time to time afterward, on the petition of either of the parties, revise or alter such decree concerning the care, custody, education and maintenance of the children, and make, a new decree concerning same, * * *"

Thus the sole issue before this Court is whether the above quoted notice and oral motion comes within the meaning of the word "petition" as used in the statute

and is therefore sufficient to uphold the decree of December 23, 1958, transferring the custody of the infant, Helen Teresa Warren.

Neither in the petition nor in her replication to the respondents' answer does the relator deny that pursuant to the service of the notice upon her she appeared before the Judge of the Domestic Relations Court of Cabell County, employed counsel, and participated in hearings held on December 8, December 11, December 18, and December 23, 1958, at which evidence was taken relating to the custody of this child.

It is observed that the time has passed to apply for an appeal from the decree in question. Unless the decree of December 23, 1958, was void, it cannot now be attacked in this proceeding in prohibition.

The only syllabus point in *Nield* v. *Nield,* 126 W. Va. 430, 28 S. E. 2d 825, states: "Under Code, 48-2-15, as amended by Chapter 35, Acts of the Legislature, 1935, a petition in writing is required for entry of a decree modifying a former decree on the merits with respect to the amount to be paid for the maintenance of children of divorced parents." In the opinion is this statement: "A sufficient pleading is one of the prerequisites to modification of a decree of divorce with respect to alimony and custody of children. *Boger* v. *Boger,* 86 W. Va. 590, 104 S. E. 49." The opinion further states: "It will be observed from the portion of the statute quoted that a court acts on a petition in modifying a former decree relative to the maintenance of children of divorced parents. The term petition, as related to equity procedure, connotes an application in writing addressed to a court or judge, stating facts and circumstances relied upon as a cause for judicial action, and containing a prayer for relief."

In *Harloe* v. *Harloe,* 129 W. Va. 1, 38 S. E. 2d 362, after a final decree of divorce one of the parties filed a written petition in the cause seeking the custody of a child that had been given to the adverse party. Lawful

notice of the filing of the petition and a request for a hearing thereon at a certain time and place was not served upon the party having custody of the child. This Court held that the order of the court entered subsequent to the hearing changing custody of the child was erroneous, the question being here on appeal and not an original proceeding in prohibition. It would appear from the opinion that the sole ground for reversal was that the order of the circuit court was void for lack of jurisdiction to hear and determine the case. In construing the "continuing jurisdiction" provision of Code, 49-5-2, as amended, relating to the power of a trial court to change the custody of neglected or delinquent children, in the case of *In re Adoption and Custody of Underwood*, 144 W. Va. 312, 107 S. E. 2d 608, the Court, after discussing the term "jurisdiction" at length, said: "The 'continuing jurisdiction' provision of 49-5-2 gives the trial court no unusual or additional power. It simply prevents a former decree or judgment from becoming final and gives the trial court authority to 're-open' the matter and change the status of the infant if the parties are accorded due process of law and the evidence warrants the action."

The same construction was placed upon the "continuing jurisdiction" provision of Code, 48-2-15, as amended, relating to the care, custody, education and maintenance of the children of divorced parents, in *Harloe* v. *Harloe*, 129 W. Va. 1, 38 S. E. 2d 362.

Thus, it seems well established by the decisions of this Court that, under the provisions of 48-2-15, as amended, the custody of a child cannot be changed unless a pleading is filed making such request and proper notice of the hearing upon the pleading is given to the adverse party. The statute heretofore quoted calls this pleading a "petition".

In the instant case, proper notice was given of the hearing, but no pleading was filed upon which the relief sought could be based. Therefore, we are constrained to hold that the decree of the Domestic Relations Court of

Cabell County of December 23, 1958, transferring custody of the infant from the relator to the respondent, was void.

The writ of prohibition will be awarded as prayed for.

*Writ awarded.*