EDWARD MYERS

*v.*

CHARLES J. WHISTON, *Sheriff* OF MONONGALIA COUNTY

(No. 13674)

Decided October 25, 1977.

*Richard E. Rowe, Wilson, Frame, Rowe & Jolliffe,* for petitioner.

*S. J. Angotti,* for respondent.

HARSHBARGER, JUSTICE:

Edward Myers seeks release from the Monongalia County jail, where he reposes at the order of Circuit Judge Marvin Kiger for contempt of Kiger's order to him to pay $400.00 per month child support.

Beverly Myers obtained divorce from Edward in 1973. Edward, then a nonresident, was served by publication and did not appear. The divorce decree awarded Mrs. Myers custody of the couple's four children, and support and maintenance for them. The court, because it did not have personal service on Mr. Myers, could not set an amount for support and maintenance.

Myers paid periodic voluntary support payments to his wife amounting to $1240 between October 1974 and August 1975, when he petitioned for change of custody of his children.

Mrs. Myers then moved to amend the original decree to require Myers to pay $400 per month child support.

A hearing was held September 5, 1975. Evidence was introduced by both parties on the custody issue, during which Myers, supporting his financial ability to care for the children, testified that he earned about $9,000 in 1974. There was no other evidence about his debts and expenses and none about her income, except that there was implication that another man helped with her expenses.

After the hearing the Court ordered him to pay the $400 she asked for; but he paid only $200 per month. In December, 1975, after a hearing on a rule to show cause why he should not be held in contempt, he was sent to jail.

Our law is clear. *W. Va. Code*, 48-12-16 states:

"All judges and courts of this State, called upon to fix, ascertain and determine an amount as alimony, support or maintenance to be paid by a spouse or to modify any order pertaining thereto, shall take into consideration, among other things, the financial needs of the parties, the earnings and earning ability of the husband and wife, the estate, real and personal, and the extent thereof as well as the income derived therefrom of both the husband and wife and shall allow, or deny, alimony or maintenance or modify any former order with relation thereto, in accordance with the principles of justice." (1933, c. 27; 1969, c. 49.)

*See, Nield v. Nield*, 126 W. Va. 430, 28 S.E.2d 825 (1944) which provides that in an action for modification of a decree of divorce relating to the amount to be paid for support of children of divorced parents, facts and circumstances should be alleged and established by proof, from which the necessity and legality of the modification of the former decree may be made to appear.

*State ex rel. Trembly v. Whiston*, ___ W. Va. ___, 220 S.E.2d 690 (1975), has set the rule that when a court

finds contempt of an order that is clearly wrong, or not supported by the evidence, the contempt order will be reversed.

The basic order was wrong. There was insufficient evidence upon which to charge $400 per month and *no* evidence to the points required by statute to be considered by the court.

*Writ awarded.*