Lonnie E. Acord

*v.*

Mary E. Acord

(No. 14653)

Decided April 1, 1980.

*J. David Cecil* for appellant.

*Ashworth & Ashworth and Robert J. Ashworth,* for appellee.

CAPLAN, JUSTICE:

Lonnie E. Acord, appellant, and Mary E. Acord Parsons, appellee, were married to each other, from which union two children were born. This controversy had its beginning when, on March 5, 1975, the Circuit Court of Raleigh County entered an order granting the appellant a divorce from the appellee, the ground therefor being adultery. Custody of the infant children was awarded to the appellant.

On February 19, 1976, the appellee filed a petition in said circuit court seeking a modification of the divorce decree. Therein she sought custody of the children. The petition and notice of hearing, set for March 4, 1976, were served on the appellant, her former husband. The record contains no transcript of a hearing on this petition nor any court order, prior to July 16, 1976, resolving the issue. However, testimony at a subsequent hearing indicates that a hearing was held on the petition at which time the appellee was granted specific visitation rights on a trial basis.

The appellant, on June 26, 1976, without notice to his attorney or the appellee, took his children to the State of Missouri. On July 7, 1976 the appellee filed a second petition for the modification of the divorce decree, therein seeking only specific visitation rights. The petition and notice of hearing thereon, set for July 16, 1976, were served upon the appellant's attorney of record. That attorney contends that he could not locate his client prior to the hearing and notified opposing counsel that he would not appear.

Although the record contains no transcript of a hearing on the July 7 petition, an order was entered on July 16, 1976 which recites that the appellant failed to appear, that the court granted the request of the appellant's attorney of record to withdraw as counsel[1] and

_____

[1] In the recent case of *Cardot v. Luff*, ___ W. Va. ___, 262 S.E.2d 889 (1980), we held that an attorney, in a civil case can unilaterally sever the attorney-client relationship, but he must first give rea-

that the court proceeded to hear testimony and argument. Therein, the court awarded custody of the children to the appellee. It is this order which the appellant sought to have declared void by his petition of December 6, 1977. Therein he alleged that change of custody of the children was not an issue properly before the court on July 16, 1976 and that he did not have reasonable notice that the issue of custody would be resolved. On December 5, 1978 the court entered an order holding valid the July 16 order. It is from that order that the appellant prosecutes this appeal.

The appellant now contends that the order of July 16, 1976 is void since he did not receive reasonable notice of the time, place and nature or purpose of the hearing upon which the order was based. We agree and hold the July 16, 1976 order void.

Insofar as material, *W.Va. Code*, 1931, 48-2-15, as amended, provides: "Upon ordering a divorce, the court may make such further order as it shall deem expedient, ... concerning the care, custody, ... of the minor children, ... and the court may also from time to time afterward, on the verified petition of either of the parties ... revise or alter such order concerning the care, custody, ... of the children, ... and make a new order concerning the same, as the circumstances of the parents ... and the benefit of the children may require ..."

Under this section, a circuit court, in a suit wherein a divorce has been awarded and a decree entered relating to custody of minor children, has continuing jurisdiction with reference to such custody. *Smith v. Smith*, 140 W.Va. 298, 83 S.E. 2d 923 (1954); *Crouch v. Easley*, 119 W.Va. 208, 192 S.E. 690 (1937); *Settle v. Settle*, 117 W.Va. 476, 185 S.E. 859 (1936). The court may make further decrees concerning the custody of children where it is shown that there is a change in the circumstances of the

sonable notice to his client of his intention to withdraw, and, if withdrawal involves a matter pending in court, the attorney must also secure court permission for withdrawal. It appears from the record that this procedure was not followed in this case.

parties and that such change would materially promote the welfare of said children. *Holstein v. Holstein*, 152 W.Va. 119, 160 S.E. 2d 177 (1968); *Pugh v. Pugh*, 133 W.Va. 501, 56 S.E. 2d 901 (1949). The trial court cannot arbitrarily enter an order in which custody of the children is changed. The continuing jurisdiction provision of *Code* 48-2-15 gives the court no additional authority, but allows it to "reopen" the matter and award a change of custody if the parties are accorded due process and the evidence warrants such action. *State ex rel. Warren v. Roberts*, 144 W.Va. 741, 110 S.E. 2d 909 (1959); *Harloe v. Harloe*, 129 W.Va. 1, 38 S.E. 2d 362 (1946).

To obtain a modification of a decree of divorce with respect to child custody a pleading must be filed making such request. The petitioner must set forth in the pleading facts and circumstances that will, if proved, entitle him to the relief sought. Mere claims and conclusions set forth in general terms are not sufficient. *Boger v. Boger*, 86 W.Va. 590, 104 S.E. 49 (1920). In addition, notwithstanding the continuing jurisdiction of the trial court, due process requires that a hearing upon such petition must be preceded by reasonable notice to the party whose rights are sought to be affected. *State ex rel. Warren v. Roberts, supra; Smith v. Smith*, 140 W.Va. 298, 83 S.E. 2d 923 (1954); *Harloe v. Harloe, supra.*

In *Harloe v. Harloe, supra*, this Court said:

> ... We cannot bring ourselves to believe that in so important a matter as that affecting the custody of children, a parent does not have the right to notice before his or her right thereto can be changed by any court, under any circumstances, even though the statute quoted [48-2-15] does not specifically provide that notice must accompany or precede the filing of a petition ...

It is therefore well established by decisions of this Court that, under the provisions of *W.Va. Code*, 1931, 48-2-15, as amended, the custody of a child cannot be changed unless a pleading is filed making such request and reasonable notice of the hearing upon the pleading

is given to the party whose rights are sought to be affected. A decree modifying a former decree with respect to custody of a child is void in the absence of a pleading upon which such decree can be based. *Springer v. Springer*, 144 W.Va. 697, 110 S.E. 912 (1959); *State ex rel. Warren v. Roberts*, 144 W.Va. 741, 110 S.E. 2d 909 (1959). Likewise, a decree modifying a former decree with respect to custody of a child is void in the absence of reasonable notice to the party whose rights are sought to be affected. See *Harloe v. Harloe, supra.*

Examining the record, we find that the appellee, by petition filed February 19, 1976, sought a change of custody, giving notice of hearing set for March 4. There is no court order entered continuing the hearing to a subsequent date, and there is no court order prior to July 16 resolving the issue before the court as set forth in the petition. Testimony adduced at the hearing held March 1, 1978, upon appellant's petition to set aside the July 16 order as void, indicates that the attorney for the appellant at the time was informed by opposing counsel that the appellee was seeking only specific visitation rights and not custody at the hearing on the February 19 petition. The testimony also indicates that a hearing was held and the court awarded the appellee particular visitation rights on a trial basis and directed the parties to return in July. The appellee then filed a second petition to modify the divorce decree on July 7, 1976 seeking only specific visitation rights and giving notice of a hearing thereon set for July 16. In the circumstances of this case, we find that the appellant did not receive reasonable notice that the appellee was seeking, on July 16, to modify the divorce decree with respect to the custody of the minor children. It was his attorney's contention that he was informed at the prior hearing that the appellee had abandoned her request for custody. The subsequent petition and notice of July 7 served upon the attorney of record sought modification with respect to visitation rights only. Furthermore, without giving notice to his client, the appellant's attorney at the time withdrew and made no appearance. The court proceeded to award

a change of custody. In the absence of reasonable notice to the appellant that the appellee was seeking a change of custody on July 16, the order entered granting such relief is void. See *Harloe v. Harloe, supra* and *Simpson v. Stanton*, 119 W.Va. 235, 193 S.E. 64 (1937).

The order of the Circuit Court of Raleigh County, dated December 5, 1978, is therefore reversed and we direct that the children be forthwith returned to the appellant.

*Reversed with directions.*