# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**March 6, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**Joshua T.,**
**Respondent Below, Petitioner**

**vs.) No. 22-ICA-221** (Fam. Ct. Taylor Cnty. No. 17-D-72)

**Angela M.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joshua T.[1] appeals the Family Court of Taylor County's "Order Following Contempt Proceeding" entered on October 3, 2022. In that order, the family court denied Joshua T.'s petition for contempt against Respondent Angela M. Angela M. timely filed a response in support of the family court's order.[2] Joshua T. did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error.[3] For these reasons, a memorandum decision affirming in part, and vacating in part, the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Joshua T. and Angela M. were married in Taylor County, West Virginia, on June 7, 2008. There were two children born during the marriage, M.T. and B.T. On May 23, 2017, Angela M. filed for divorce.

The parties were divorced by final order entered on June 21, 2018. In the final order, the family court adopted and approved the mediated parenting agreement ("Parenting Plan"). The Parenting Plan consisted of three-month phases. For the first phase, Joshua T. was granted supervised visitation at an outside agency and was responsible for setting up

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g*., W. Va. R. App. P. 40(e); *State v. Edward Charles L.,* 183 W. Va. 641, 645 n. 1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Petitioner is represented by Rachael Hetherington, Esq. Respondent is represented by Debra V. Chafin, Esq. and Larry W. Chafin, Esq.

[3] As discussed in this decision, the Court does find error in the family court's order. However, the error does not affect the ultimate disposition of this matter.

1

the first visit. Under the Parenting Plan, if Joshua T. completed the supervised visits with an outside agency for three months and remained drug free, the parties would transition into the next phase. The final phase would include unsupervised residential visitation with M.T. and B.T. for Joshua T. every other weekend.

In addition to adopting the Parenting Plan, the family court ordered that if Joshua T. failed to be consistent in exercising visitation, the Parenting Plan would revert back to the first phase. The family court further ordered that Joshua T. would be financially responsible for the supervised visits and must participate in a drug test prior to each supervised visit. The family court noted that if Joshua T. failed to participate in the Parenting Plan, he would need to demonstrate that he is a fit and proper parent who has taken great strides in conquering his drug problem before the family court would hear any modification request.

After some initial difficulty finding an outside organization that could both administer drug tests and provide supervision for visits, although not required to under the Parenting Plan, Angela M. contacted Together in Recovery sometime in December of 2018 to perform these services. Due to the parties' schedules, Together in Recovery was unable to schedule a supervised visit at that time. Neither party contacted Together in Recovery again to set up visits until May of 2022, when Joshua T. contacted Together in Recovery.

On March 8, 2019, Joshua T. filed a petition for modification. The petition sought to "do away with" the supervised visitation and drug screens requirements. The petition was denied by the family court based upon a failure to state a substantial change in circumstances.

In March of 2022, Angela M. and her new husband filed a petition for adoption of M.T. and B.T.

On May 5, 2022, Joshua T. contacted Together in Recovery and requested that supervised visits be set up. An employee of Together in Recovery testified that she called Angela M. and left a voicemail on two occasions in May of 2022. Angela M. testified that she only received one voicemail from Together in Recovery in May of 2022, which she did not return.

On May 20, 2022, Joshua T. filed his petition for contempt asserting that Angela M. failed to abide by the terms and conditions of the Parenting Plan by refusing to schedule supervised visits with Together in Recovery. On June 14, 2022, Angela M. responded to the petition for contempt. In her response, Angela M. requested the family court deny and dismiss the petition.

On September 30, 2022, the family court held a hearing on Joshua T.'s petition for contempt. Following the hearing, on October 3, 2022, the family court entered its order denying the petition for contempt. Relevant to the instant appeal, the family court's order

2

found that Angela M. was not in contempt; Joshua T. had waived his right to exercise or enforce the Parenting Plan by failing to make reasonable efforts to exercise or enforce the Parenting plan for almost four years; and that it was unreasonable and not in the children's best interests for Joshua T. to enforce the Parenting Plan after being absent from the children's lives for almost four years. It is from this order that Joshua T. appeals.

Our standard of review is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17098574, at *3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order). *See* Syl. Pt. 1, *Carter v. Carter*, 196 W. Va. 239, 470 S.E.2d 193 (1996) (holding that an abuse of discretion standard applies to contempt rulings).

On appeal, Joshua T. asserts four assignments of error: (1) the family court erred by not finding Angela M. in contempt; (2) the family court erred by finding that Joshua T. waived his right to exercise or enforce the parenting time granted to him in the Parenting Plan; (3) the family court erred by finding it was unreasonable and not in the best interests of the children for Joshua T. to seek visitation with his children; and (4) the family court erred by finding that Joshua T. failed to make reasonable efforts to exercise or enforce the Parenting Plan.

In regard to his first assignment of error, Joshua T. asserts that Angela M. should have been found in contempt of the family court's June 21, 2018, final order because she failed to cooperate with Together in Recovery to schedule visitation with the children in December of 2018 and in May of 2022. We disagree. In *Deitz v. Deitz,* 222 W. Va. 46, 54, 659 S.E.2d 331, 339 (2008), the Supreme Court of Appeals of West Virginia acknowledged that "[a]n integral part of the family court's authority to enter final orders of divorce is its corresponding power to enforce those orders through contempt proceedings." However, the family court's enforcement of such orders is within the discretion of the family court. *See Mark V.H. v. Dolores J.M.*, 232 W. Va. 378, 387, 752 S.E.2d 409, 418 (2013). When Joshua T. was questioned about the basis for his contempt petition and what specifically Angela M. did wrong, he testified that she had done nothing wrong. Joshua T. fails to identify what provision of the family court's order Angela M. violated. Indeed, the Parenting Plan provided that Joshua T., not Angela M., was responsible for scheduling the first supervised visit for *both parties*. However, even if participation by Angela M. in the scheduling of supervised visits was implicit in the family court's order, we cannot say that

it was an abuse of discretion by the family court to decline to find Angela M. in contempt of its order. The evidence before the family court was that after almost four years of inaction by Joshua T., that Angela M. had failed to return one or two phone calls from a third party. Accordingly, the family court did not err by finding that Angela M. was not in contempt.

In his second assignment of error, Joshua T. asserts that the family court erred in making the additional finding that he waived his right to exercise or enforce the parenting time granted to him in the Parenting Plan. We agree. The family court's finding that Joshua T. waived his right to exercise parenting time essentially constitutes a *sua sponte* modification of the Parenting Plan by the family court. As it pertains to modification of custody orders, the Supreme Court of Appeals has made clear that "the protection of due process under the [F]ourteenth Amendment to the United States Constitution and Article II, Section 10 of the West Virginia Constitution" must be afforded to the litigants. *Crone v. Crone*, 180 W. Va. 184, 186, 375 S.E.2d 816, 818 (1988). "A decree modifying a former decree with respect to custody of a child is void in the absence of reasonable notice of the hearing upon the pleading to the party whose rights are sought to be affected." Syl. Pt. 2, *Acord v. Acord,* 164 W. Va. 562, 264 S.E.2d 848 (1980). Here, at the time of the hearing, there was not a pending petition for modification, neither party sought to modify the Parenting Plan at the hearing, and there is nothing in the record to indicate that Joshua T. was put on notice that his rights under the Parenting Plan could effectively be terminated as a result of the hearing on his petition for contempt. While the family court did not abuse its discretion in denying the petition for contempt, the family court erred in effectively modifying the Parenting Plan when modification was not properly before the family court and there was no notice to Joshua T. Accordingly, the family court's finding on this issue is vacated.

In regard to Joshua T.'s third assignment of error, he asserts that the best interests of the children were not at issue before the family court and there was no evidence presented for the family court to make a finding regarding the best interests. We disagree. The Supreme Court has consistently held that the best interest of the child is the polar star by which all matters affecting children must be guided. *Galloway v. Galloway*, 224 W. Va. 272, 275, 685 S.E.2d 245, 248 (2009) (citations omitted). As this matter concerned enforcement of a parenting plan, it clearly affected children and therefore the family court was correct to consider the best interests of the children.

As to his final assignment of error, Joshua T. asserts that the record reflects that he made reasonable efforts to exercise or enforce the Parenting Plan. Again, we disagree. As outlined above, it was Angela M., not Joshua T., who initiated scheduling with Together in Recovery approximately five months after entry of the family court's June 21, 2018, final order. Once supervised visitation could not be arranged in December of 2018 due to the schedules of the parties, there was no effort made by Joshua T. to schedule supervised visitation until after the filing of the petition for adoption of the parties children was filed

in March of 2022. Although Joshua T. did file a petition for modification on March 8, 2019, which sought to eliminate the drug testing and supervised visitation requirements, such petition does not constitute a reasonable effort when the petition did not allege a material change in circumstance or assert that Joshua T. had made progress in conquering his drug problem. Accordingly, the family court did not err when it found that Joshua T. failed to make reasonable efforts to exercise or enforce the Parenting Plan.

Accordingly, we affirm the family court's October 3, 2022, order, except as to the finding that Joshua T. waived his right to exercise his parenting time, which we vacate.

Affirmed in part and vacated in part.

**ISSUED:** March 6, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen