IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

KATHERINE C.,
**Petitioner Below, Petitioner**

**FILED**
**September 5, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-78**          (Fam. Ct. Kanawha Cnty. No. 20-D-367)

A.A. MOORE C.,
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Katherine C.[1] ("Mother") appeals the Family Court of Kanawha County's January 31, 2023, final modification order, which implemented a week on/week off parenting schedule. Respondent A.A. Moore C. ("Father") filed a timely response.[2] Mother filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mother and Father are the parents of two minor children, namely, E.C., age eight, and A.C., age five. The parties were divorced by an *Agreed Final Divorce Order* entered on January 20, 2021. Because Father is a legislator, the parties agreed on two parenting plans, one of which was to be used while the legislature was in session.

Pursuant to the parties' agreed order, when the legislature was in session Father had parenting time every other weekend from Friday at 8:30 p.m. through Monday at 8:30 a.m. and every Wednesday from 8:30 a.m. through Thursday at 5:30 p.m. When the legislature was not in session, Father would add every other Thursday beginning at 5:30 p.m. through

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] Mother is represented by Bryant J. Spann, Esq., and Natalie Atkinson, Esq. Father is represented by Andrew S. Nason, Esq.

Friday at 5:30 p.m. The parties also agreed to shared decision-making and Mother was the primary custodial parent.

On June 23, 2022, Father filed a petition for modification of the agreed divorce order, wherein he also included a request for ex parte emergency relief, and a request for the appointment of a guardian ad litem. In his petition, Father made multiple allegations against Mother and requested that she have no overnight parenting time. Mother filed a response, wherein she denied the allegations. On July 7, 2022, the family court entered an order denying the request for emergency relief and scheduled a hearing on Father's petition for modification for August 18, 2022.

On August 4, 2022, Father filed an amended petition for modification, request for emergency relief, and request for the appointment of a guardian ad litem, wherein he argued that the parties had developed a *de facto* parenting plan, and that he would like the family court to enter a 50/50 (week on/week off) parenting plan reflecting such arrangement. Mother filed a response that stated she had offered Father additional parenting time on many occasions and that he declined all offers. Mother also noted many examples where Father failed to notify her when the children were sick and failed to check on them when they were sick and in her care.

An initial hearing was held on August 16, 2022, but it was continued to allow the parties to attend mediation, which was unsuccessful. Hearings were held on the amended petition for modification on December 12, 2022, and January 27, 2023. By an order entered on January 31, 2023, the family court ruled that Father failed to establish that the parties had a *de facto* parenting plan. Ultimately, the family court modified the parenting plan under West Virginia Code § 48-9-401(b), finding that the original parenting plan was not working as contemplated due to the parties' busy lives and that such exceptional circumstances warranted a modification because the instability of the parties' schedules was manifestly harmful to the minor children.[3] The family court ordered a week on/week off schedule and prohibited the parties from altering that rotation. It is from the January 31, 2023, order that Mother now appeals.

---

[3] While the family court did not abuse its discretion in modifying the parenting plan under West Virginia Code § 48-9-401(b), this Court notes that the parenting plan itself was not the issue. In fact, both parties and their counsel acknowledged that the parenting plan was working; however, issues with communication arose whenever the parties attempted to deviate from the plan. This deviation is what inevitably caused the communication issues. Accordingly, although a change in the parenting plan itself may not have been necessary to resolve the problems, it certainly was within the discretion of the family court, and arguably a week on/week off schedule will reduce the number and frequency of exchanges, simplify the plan, and thereby reduce the amount of necessary interactions and communications between the parties.

For these matters, we use the following standard of review:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va. __, __,887 S.E.2d 255, 258, 2022 WL 17098574, at *3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Mother raises two assignments of error. First, she contends that the family court abused its discretion when it invoked the "exceptional circumstances" exception pursuant to West Virginia Code § 48-9-401(b)(2009), which states, "[i]n exceptional circumstances, a court may modify a parenting plan if it finds that the plan is not working as contemplated and in some specific way is manifestly harmful to the child, even if a substantial change of circumstances has not occurred." More specifically, Mother contends that the family court's action denied her due process because the family court hearing should have been limited to the question of whether a *de facto* parenting agreement had existed between the parties. Essentially, Mother argues that the family court invoked West Virginia Code § 49-9-401(b) with no notice after denying Father's petition for modification on *de facto* grounds. We disagree.

Regarding Mother's due process argument, the Supreme Court of Appeals of West Virginia has held that "the protection of due process under the [F]ourteenth Amendment to the United States Constitution and Article III, Section 10 of the West Virginia Constitution" must be afforded to litigants. *Crone v. Crone*, 180 W. Va. 184, 186, 375 S.E.2d 816, 818 (1988). "A decree modifying a former decree with respect to custody of a child is void in the absence of reasonable notice of the hearing upon the pleading to the party whose rights are sought to be affected." Syl. Pt. 2, *Acord v. Acord*, 164 W. Va. 562, 264 S.E.2d 848 (1980). Here, however, Mother received reasonable notice of a potential 50/50 custody ruling upon her receipt of Father's amended petition for modification, which was filed on August 4, 2022, and requested 50/50 parenting time.

Additionally, regarding Mother's notice of a potential 50/50 parenting plan, Rule 50 of the Rules of Practice and Procedure for Family Court states, "[a] petition for modification shall be in writing, specify facts which demonstrate good cause for relief, be filed with the circuit clerk, and sent to all parties." Rule 50 only requires a factual pleading and includes no language requiring a party to plead specific legal theories upon which their petition for modification is based. Additionally, the fillable modification forms created by the Supreme Court of Appeals of West Virginia only require that a party plead factual circumstances which would justify a modification. In fact, the instructions for the fillable

modification form state, "[f]illing out the petition is a matter of checking the right boxes, and filling in blanks." The fillable petition for modification directs parties to "[e]xplain all of the changes in circumstances you think justify the modifications you requested." Therefore, the family court did not abuse its discretion when it modified the parenting plan, as Father's petition for modification included sufficient factual allegations to warrant a modification of the parties' parenting plan.

For her second assignment of error, Mother contends that the family court erred when it found that the parties' busy schedules were manifestly harmful to the children under West Virginia Code § 48-9-401(b). Again, we disagree. The Supreme Court of Appeals of West Virginia has consistently defined "manifestly harmful" as used in West Virginia Code § 48-9-401(b) as "obviously harmful or plainly harmful." Syl. Pt. 6. *Skidmore v. Rogers*, 229 W. Va. 13, 725 S.E.2d 182 (2011). In *Skidmore*, the Court stated, "the term "manifestly" does not require any specific level of harm, but merely means that the harm is readily apparent." *Id.* at 11.

In the case at bar, Mother alleged approximately twenty-four instances between June 23, 2022, through November 7, 2022, where the parties deviated (or offered to deviate) from the family court's parenting plan while simultaneously arguing that a week on/week off 50/50 plan would be confusing and disruptive to the children. The parties further testified that disputes regarding the court-ordered parenting plan led to one of the children missing his school's Christmas play. Additionally, dozens of pages of emails and texts outlining the parties' disagreements were offered as evidence that the original parenting plan was not working as intended. Therefore, the family court did not abuse its discretion when it found that the parties' inability to operate under the original parenting plan constituted an exceptional circumstance that was manifestly harmful to the children, as it was a source of constant disagreement between the parties. The parties' inability to operate under the original parenting plan led to regular disruption and unpredictability in the children's lives. Mother has failed to demonstrate that the family court's findings were clearly erroneous or that the family court abused its discretion by modifying the parenting plan to ameliorate the situation. As such, this Court "must affirm a finding if the [lower] court's account of the evidence is plausible in light of the record viewed in its entirety." *In interest of Tiffany Marie S.*, 196 W. Va. 223, 226, 470 S.E.2d 177, 180 (1996).

Accordingly, we affirm the family court's January 31, 2023, order.

Affirmed.

**ISSUED:** September 5, 2023

4

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen