242 S.E.2d 696 (1978)
J. M. S.
v.
H. A.
No. 13967.
Supreme Court of Appeals of West Virginia.
April 4, 1978.
John C. Purbaugh, Charleston, for appellant.
James B. Hoover, South Charleston, for appellee.
CAPLAN, Chief Justice:
The sole issue on this appeal is whether a circuit court has jurisdiction to award or deny visitation rights to a father of an illegitimate child. The trial court having held, "There being no marriage alleged or proved and no right of visitation being given the determined father by statute or the common law, the Court has no jurisdiction of the subject matter", denied the relief sought and dismissed the complaint. Holding that the court does have jurisdiction in such case, we reverse.
It is acknowledged by both parties to this proceeding that J. M. S. is the father of three children born out of wedlock to the mother, H. A. The children are in the custody of the mother. Contending that he had sought on several occasions and was denied by H. A. the privilege of visiting his children, J. M. S. filed a complaint in the Circuit Court of Clay County, setting forth the foregoing facts and requesting the court to grant him reasonable visitation privileges.
H. A. answered the complaint, acknowledging that J. M. S. is the father of her children but denying that she had consistently refused him such visitation privileges. She therein asserted that it would be detrimental to the best interests and welfare of the children to permit the requested visitation *697 privileges and prayed that the complaint be dismissed. The court denied the relief and dismissed the complaint, as aforesaid, and this appeal followed.
Holding herein that the trial court does have jurisdiction to consider such visitation privileges, the fitness of J. M. S. to visit his children must be considered and determined upon remand before such privileges may be granted or denied.
This precise issue, the right to visitation of one's illegitimate child, is one of first impression in our jurisdiction. Legislative recognition of the right of a parent to the custody of his or her child has been expressly provided in W.Va.Code, 1931, 44-10-7, as amended.
In Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) it was unequivocally established that a father of an illegitimate child must receive the same treatment and consideration as that received by any parent with respect to the termination of his parental rights. As noted in Hammack v. Wise, W.Va., 211 S.E.2d 118 (1975), "The right of a parent to have the custody of his or her child is founded on natural law and, while not absolute, such right will not be taken away unless the parent has committed an act or is guilty of an omission which proves his or her unfitness." More recently we held: "The physical presence of a minor child, together with jurisdiction over the parties seeking custody thereof, is a sufficient basis to permit a court of this state to determine and award custody of such minor child." Point 4, Syllabus, Adams v. Bowens, W.Va., 230 S.E.2d 481 (1976).
We are cognizant of the fact that the above cited cases deal with custody rather than visitation. The difference between these terms is obvious, custody meaning the "care and keeping of anything", Black's Law Dictionary, Revised 4th Ed. and visitation connoting the "act or an instance of visiting", Webster's New World Dictionary, College Edition. Considering these definitions and the plain meaning of the words, it is apparent that custody confers more authority and power upon one in whom it is placed than does the privilege of visiting. If a court has jurisdiction to grant custody, a fortiori, it certainly possesses jurisdiction to grant visitation rights in a proper case.
An examination of cases from other jurisdictions reveals support for the right of the father of an illegitimate child to visit such child. In R. v. F., 113 N.J.Super. 396, 273 A.2d 808 (1971), the court noted two questions, (1) whether the juvenile and domestic relations court had jurisdiction to grant visitation rights not incidental to an order for support and, (2) whether the father of a child born out of wedlock had any right to visitation without the express or implied consent of the mother. Both questions were answered in the affirmative.
In Pierce v. Yerkovich, 80 Misc.2d 613, 363 N.Y.S.2d 403 (1974), the acknowledged father of an illegitimate child sought visitation privileges after the mother had adamantly refused such privilege. The court held that the mother, the custodial parent, did not have the sole right to determine that it was in the best interests of the child for the father to be denied association with his child. The court reasoned that to deny the father a hearing to determine his fitness as a parent would constitute a denial of his constitutional right to equal protection of law under the Fourteenth Amendment. See also Forestiere v. Doyle, 30 Conn.Sup. 284, 310 A.2d 607 (1973); In re One Minor Child, 295 A.2d 727 (Del.1972); Mixon v. Mize, 198 So.2d 373 (Fla.1967), and Strong v. Owens, 91 Cal.App.2d 336, 205 P.2d 48 (1949).
It is clear from an examination of the cases that a court, in determining a father's right to visitation of a child, legitimate or illegitimate, is charged with giving paramount consideration to the welfare of the child involved. While jurisdiction of such subject matter, visitation privileges, is not specifically defined, Article VIII, Sec. 6 of our constitution clearly provides the circuit courts with the power and authority to handle such matters.
*698 Since, as noted in our jurisdiction as well as in others, circuit courts have jurisdiction to determine the custody of minor children, they certainly have the authority to consider and determine the rights of a parent to visit a child who is in the custodial care of the other parent. To deprive a parent of visitation rights without a hearing would constitute a denial of due process and equal protection under our state and federal constitutions. W.Va.Const., Art. III, § 10; U.S.Const., 14th Amend.
The trial court erred in holding that it was without jurisdiction to determine the visitation rights of the father, J. M. S. The judgment of the Circuit Court of Clay County is therefore reversed and the case is remanded with directions that the court assume jurisdiction of the case and determine whether the father should be accorded the right to visit his illegitimate children.
Reversed and remanded with directions.