LILLIE MAE ST. CLAIR

*v.*

CHARLES EDWARD ST. CLAIR

(No. 14838)

Decided December 19, 1980.

*Glyn Dial Ellis* for appellant.

*Thomas R. Parks* for appellee.

PER CURIAM:

This is an appeal by Lillie Mae St. Clair from rulings of the Circuit Court of Logan County in her contested divorce proceeding. The appellant, Mrs. St. Clair, contends that the court erred in allowing her mother-in-law to intervene, and in restricting her right to visit her two children. The appellant also asserts that the court erred in failing to declare a constructive trust in her favor over a parcel of property owned by her husband, and in failing to declare that she was the actual owner of a one-half undivided interest in a bank account registered in the names of her children. We find that the claims are without merit, and we affirm the decision of the circuit court.

After the institution of this proceeding, Nora St. Clair and Jesse St. Clair, the appellant's mother-in-law and father-in-law, moved to intervene. Their motion indicated that they were seeking custody of the appellant's two infant daughters, who were then ten and twelve years old. The appellant did not object to the motion and, in fact, stipulated, through counsel, that the intervention was acceptable for the sole purpose of determining the custody of the children.

At the trial of the case before a divorce commissioner, on January 25, 1978, evidence was introduced showing that shortly after birth the appellant's children were left in the care and custody of Nora and Jesse St. Clair. The children had been raised by Nora and Jesse, and at the hearing they

expressed a desire to remain in Nora's custody.[1] The evidence demonstrated that they had been well cared for and that they were well adjusted.

The appellant testified that after her separation from her husband, she and Nora St. Clair had had a disagreeable encounter at Nora's home and that Nora had, in effect, driven her off. She also testified that her husband had, without her prior knowledge, withdrawn approximately $8,000 from a jointly-owned savings account and that with the funds he had purchased a parcel of real estate which was subsequently titled in his name alone. She further claimed that half the funds in a bank account registered in the names of her children belonged to her.

After the conclusion of the hearing, and after receiving the report of the divorce commissioner, the circuit court awarded the appellant a divorce, granted Nora St. Clair custody of the infant children, granted the appellant visitation rights with the restriction that visitation not occur at Nora St. Clair's home, directed the appellant's husband to pay the appellant $4,000, one-half the amount which he had withdrawn from the jointly-held bank account, and ruled that the funds in the children's bank account belonged to the children.

The appellant's first assertion is that the trial court erred in allowing Nora St. Clair to intervene even though no pleading had been filed in her behalf.[2]

Regarding the intervention, the report of the divorce commissioner who heard the case indicates:

On May 15, 1975, Nora St. Clair and Jesse St. Clair moved to intervene in this matter; and at the hearing on this matter, it was stipulated by counsel that the Court had allowed them to intervene although no pleadings were contained in the file;

[1] In the haitus between the filing of the motion to intervene and the hearing before the commissioner Jesse St. Clair died. The children were 13 and 15 years old at the time of the hearing.

[2] We note that in spite of the appellant's allegation that no pleading to intervene was filed, Jesse and Nora St. Clair did file a formal written "Motion to Intervene" with the circuit court on May 15, 1976.

said intervention being for the purpose of determining the custody of the infant children of Lillie St. Clair and Charles Edward St. Clair; prior to the hearing in this matter, Jesse St. Clair, one of the intervenors died.

Rule 21 of the West Virginia Rules of Civil Procedure provides in part: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action." The commentators on Federal Civil Rule 21, upon which our Rule is patterned, have indicated that a proper procedure to drop or add a party under Rule 21 is, as specified in the Rule, by motion. 2 H. Kooman, *Federal Civil Practice* § 21.05 (1969); 7 C. Wright and Miller, *Federal Practice and Procedure* § 1688 (1972); 3A *Moore's Federal Practice* § 21.05 (1979). That is precisely the procedure followed by Jesse and Nora St. Clair.

Inasmuch as the appellant stipulated that the intervention was permissible, and inasmuch as the procedure followed was proper, we hold that the appellant's first assignment of error is without merit.

The appellant's second claim is that the trial court failed to afford her reasonable visitation rights.[3] Specifically she contends that the trial court erred in refusing to allow her to visit her daughters in her mother-in-law's home.

*W.Va. Code* 48-2-15 [1969] authorizes a court conducting divorce proceedings to make such order as it shall deem expedient concerning the care, custody, and education of minor children.[4] Regarding the authority conferred by this

---

[3] We note that the appellant did not assign as error the award of custody to the grandmother. That was not an issue on appeal, and we do not address it.

[4] *W.Va. Code* 48-2-15 [1969] provides, in part:

Upon ordering a divorce, the court may make such further order as it shall deem expedient, concerning the maintenance of the parties, or either of them; and upon ordering the annulment of a marriage, or a divorce, the court may make such further order as it shall deem expedient, concerning the care, custody, education and maintenance of the minor children, and may determine with which of the parents, or other proper person or persons the children or any of them may remain . . . .

statute we have said:

> Under Code, 48-2-15, as amended, the questions of maintenance of the wife and custody of a minor child, in a suit for divorce, are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused. Syllabus Point 3, *Finnegan v. Finnegan*, 134 W.Va. 94, 58 S.E.2d 594 (1950).

*See, Witt v. Witt*, 141 W.Va. 43, 87 S.E.2d 524 (1955).

Closely related to the question of custody is the right of a parent to visit a child who is in the legal custody of another party. *J.M.S. v. H.A.*, 161 W.Va. 433, 242 S.E.2d 696 (1978). And a court, in defining a parent's right to visitation is charged with giving paramount consideration to the welfare of the child involved. *J. M. S. v. H. A., Id.*

The testimony of the appellant during the divorce hearing indicated that she had had a confrontation with Nora St. Clair at the latter's home. The court found:

> [T]hat the plaintiff has not been able to visit her children in a reasonable manner since her separation from them and it would be in the best interest of the children and the plaintiff to provide liberal visitation rights for her with the children. The Court further finds that due to the relationship between the plaintiff and the defendant's mother, such visitations would best be conducted at a place other than the home of Nora St. Clair.

In view of the disturbance which occurred at Nora St. Clair's home and the court's findings, it is obvious that the court considered the children's welfare in restricting the appellant's visitation to places other than Nora St. Clair's home.

The appellant's third assignment of error involves a bank account, account 9116, which was registered in the names Charles E. St. Clair or Lilly St. Clair. Prior to the hearing Mr. St. Clair withdrew $8,000.00 from this account, and with the sum he purchased a parcel of real estate which was titled in his name alone. In the final order in the case the

trial court ordered that Mr. St. Clair reimburse the appellant for $4,000, or one-half the sum withdrawn from the account.

The appellant asserts that the land purchased by the appellee appreciated greatly in value, and that the trial court should have impressed the land with a constructive trust so that she could participate in the increase in the land's value.

To invoke the law of restitution or unjust enrichment to impose a constructive trust upon property of another, it is necessary that it be shown that one party has been unjustly enriched. *See, Annon v. Lucas*, 155 W.Va. 368, 185 S.E.2d 343 (1971); 1 G. Palmer, *The Law of Restitution* §§ 1.1, 1.4, 1.7 (1978); 5 *Scott on Trusts* § 404.2 (1967).

At the time of the hearing the appellant introduced no evidence showing that the real estate purchased with funds from account 9116 had appreciated in value. Moreover, she did not move that an interest in the property be awarded her. By ordering that the appellee pay the appellant $4,000, the court restored the parties to their former positions so far as the account was concerned.

The appellant also claims that the court erred in declaring that bank account 8263, registered in the names of the couple's children, was the property of the children. Evidence was introduced during the hearing which showed that the parties intended that the funds in this account be an educational fund for their two children. This evidence supports the court's finding.

We have traditionally held that:

> In a divorce suit the finding of fact of a trial chancellor based on conflicting evidence will not be disturbed on appeal unless it is clearly wrong or against the preponderance of the evidence. Syllabus Point 4, *Belcher v. Belcher*, 151 W.Va. 274, 151 S.E.2d 635 (1966), *quoting*, Syllabus Point 3, *Taylor v. Taylor*, 128 W.Va. 198, 36 S.E.2d 601 (1945).

The rulings of the trial chancellor in this case were not clearly wrong or contrary to the preponderance of the

evidence. The judgment of the Circuit Court of Logan County is, therefore, affirmed.

*Affirmed.*