310 S.E.2d 207

**Thomas Edward BLAKE**

v.

**Twila Virginia BLAKE.**

No. 15899.

Supreme Court of Appeals of West Virginia.

Dec. 13, 1983.

Barry G. McOwen, McOwen, McOwen & McOwen, Huntington, for appellant.

No counsel for appellee.

PER CURIAM:

Twila Virginia Blake appeals an order of the Circuit Court of Cabell County which modified her divorce decree by terminating her right of visitation with her grandson. Because the trial judge erred under the facts of this case in holding that he had no authority to grant appellant visitation rights, we reverse and remand the case to the circuit court.

The appellant and Thomas Edward Blake, the appellee, are the parents of Beth Ann Blake. In March of 1978 Beth gave birth to a son, Ian Wade Blake; she was unmarried. Beth and Ian lived with her parents for about a year, after which she departed and left the boy with them. With her consent, they obtained permanent legal custody of Ian by court order in May of 1979.

On September 3, 1980 the appellee was granted a divorce from the appellant, and was awarded "the care, custody and control as between the parties hereto of Ian Wade Blake"; the appellant was given "reasonable and seasonable visitation" rights. In August of 1982 the appellee refused to permit further visitation, and the appellant obtained a rule to show cause why he should not be punished for failure to comply with the circuit court's order. The appellee responded by petitioning the court to terminate the appellant's visitation rights, and moving to set aside that portion of the divorce decree.

The appellee contended that the appellant was unfit to have visitation rights, failed to take proper care of Ian when he visited with her, and upset the child emotionally and psychologically during such visits. He also maintained that the court had no right or authority to enter such an order, as the law does not contemplate visitation rights for a grandparent. On September 13 and October 12, 1982 the judge heard arguments of counsel on the latter question, and without taking any evidence, granted the appellee's motion.

The trial judge found that the grandparents had become the custodial parents of Ian when their daughter relinquished her right to custody. He stated, however, that when the parties divorced the appellant lost her rights as a custodial parent and now has standing only as a grandparent to seek custody or visitation rights. The judge relied on *Jeffries v. Jeffries*, 162 W.Va. 905, 253 S.E.2d 689 (1979) in finding that "grandparents per se have no legal constitutional or statutory right to visitation rights. They have no standing in court." He recognized that this "rule" has two

statutory exceptions: *W.Va.Code*, 48–2B–1 [1980][1] provides for such rights when a natural parent is dead, and *W.Va.Code*, 48–2–15 [1980][2] permits such visitation when the whereabouts of the parent are unknown, or he or she has failed to answer or defend a divorce action. The trial judge held that none of these exceptions was applicable to the case at bar, so he had no right to enter an order giving the appellant visitation rights.

Although the trial judge was correct in concluding that the statutory exceptions are not applicable, he misconstrued the issue in this case, and has misinterpreted and misapplied the law. Our decision in *Jeffries* was based upon syllabus point 1 of *Brotherton v. Boothe*, 161 W.Va. 691, 250 S.E.2d 36 (1978):

> "A grandparent who has no legal right to custody of his or her grandchild has no legal right to visit and communicate with such grandchild over the parents' objection."

*Brotherton* held that a court exceeds its authority in decreeing visitation rights to a grandparent over the objection of the parent. However, this was "premised on the proposition that the parent has not abandoned the child or forfeited his parental rights in any manner recognized by law." 161 W.Va. at 693, 250 S.E.2d at 37.

■ The above quotations clearly demonstrate that the rule of *Brotherton* and *Jeffries* is inapplicable to the case now before us. In this instance, the appellant was granted the legal right to custody of her grandson by court order in 1979. Not only did the natural parent surrender her parental rights by consenting to the permanent change of custody, but she has also not objected to her mother's request for visitation rights. Under these circumstances, the trial judged erred as a matter of law in ruling that he had no authority to award visitation to the appellant, and in setting aside that portion of the divorce decree.

■ In addition, the trial judge erred in holding that upon her divorce the appellant lost her standing as a custodial parent to claim custody and visitation rights. As between the parties to this action, the appellant had the same parental rights as her ex-husband with respect to their grandson. Even though she was denied custody of the boy in the divorce proceeding, she did not thereby lose her right to seek visitation with the child. *Cf. Brotherton*, 161 W.Va. at 694, 250 S.E.2d at 37. There was a sound legal basis for the court's original decree; therefore, the order awarding the appellant visitation rights should be reinstated.

■ We realize that the appellee now seeks to terminate those rights by proving that the appellant is unfit to have visitation with her grandson. However, due process entitles the appellant to a hearing on the question of whether further visitation would be in the best interests of the child. *See J.M.S. v. H.A.*, 161 W.Va. 433, 242 S.E.2d 696, 698 (1978). No evidentiary hearing was ever held on this petition. The judge's decision was based entirely on an erroneous interpretation of the law, was clearly wrong, and must therefore be reversed:

> "The exercise of discretion by a trial court in awarding custody of a minor child will not be disturbed on appeal unless that discretion has been abused; however, where the trial court's ruling does not reflect a discretionary decision but is based upon an erroneous applica-

1. *W.Va.Code*, 48–2B–1 [1980] provides:
   "Upon the verified petition by a parent of a deceased child seeking visitation rights with grandchildren of the petitioner, the court may order that the grandparent shall have such reasonable and seasonable visitation rights with said grandchild or grandchildren as the court may deem proper and in the best interest of said child or children."

2. *W.Va.Code*, 48–2–15 [1980] provides, in part:
   "Upon ordering the annulment of a marriage or a divorce, the court may, in its discre-

tion, make such further order as it shall deem expedient, concerning the grant of reasonable visitation rights to any grandparent of the minor children upon application, if the grandparent or grandparents are related to such minor child through a party to such action whose whereabouts are unknown or through a party who did not answer or otherwise appear and defend the cause of action in which such divorce or annulment is granted, and the court may issue any necessary order to enforce such order or decree."

tion of the law and is clearly wrong, the ruling will be reversed on appeal." Syl. pt. 2, *Funkhouser v. Funkhouser,* 158 W.Va. 964, 216 S.E.2d 570 (1975).

A motion to reverse having been made by the appellant, said motion is granted. The judgment of the Circuit Court of Cabell County is hereby reversed, and the case is remanded to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded.