370 S.E.2d 136

**Calvin McGUIRE**

v.

**Kathy FARLEY.**

**No. 18269.**

Supreme Court of Appeals of West Virginia.

June 2, 1988.

Louis F. Cooper, Fayetteville, for Calvin McGuire.

James W. Keenan, Fayetteville, for Kathy Farley.

NEELY, Justice:

The appellant filed a petition in circuit court alleging his paternity of a child born out of wedlock to appellee and seeking visitation with the child. The appellee mother denied appellant's paternity and the family law master ordered the parties to have a blood test. The mother contended, however, that the father lacked standing to maintain a paternity action under *W.Va. Code*, 48A–6–1 [1986].[1] After argument, the family law master accepted the mother's position and the circuit court agreed. The circuit court vacated the order for blood tests and held that *W.Va.Code*, 48A–6–1 [1986] does not permit a non-custodial father of an infant to bring a paternity action.

The father now appeals arguing that denying him the right to maintain a paternity action violates his constitutional right to equal protection. We reverse the decision of the circuit court, and hold that the circuit court has jurisdiction to entertain appellant's petition for visitation rights, notwithstanding that determining visitation rights also implies a determination of paternity.

The appellee, Kathy Farley, is the natural mother of a child named Weston Wayne McGuire, born on 14 April 1987. On 26 June 1987, the appellant, Calvin McGuire filed a petition in the Circuit Court of Fayette County seeking visitation rights with Weston McGuire. In his petition, appellant alleges that he and appellee cohabited from July 1986 to October 1986, during which time Weston McGuire was conceived, and that he is Weston's father.[2] Appellee denied these allegations and moved for a compulsory blood test, to which appellant agreed. Then, at a hearing held on 11 December 1987, counsel for the mother admitted appellant was the father of the child.

In *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) the unwed father of three children challenged a state statute that automatically made illegitimate minor children wards of the state upon the death of their mother. The U.S. Supreme Court recognized the father's interest in retaining custody of his children as a substantial right and held that the termination of this right without a hearing violated the Due Process Clause of the *Constitution*. The Court also held that the state's failure to afford the father a hearing due to his unwed status, while granting other parents a hearing, violated the equal protection clause.

Subsequently, this Court in *J.M.S. v. H.A.*, 161 W.Va. 433, 242 S.E.2d 696 (1978) held that a circuit court has jurisdiction to award visitation rights to the father of illegitimate children. In that case, the mother admitted the paternity of the children, but refused the father visitation

1. *W.Va.Code*, 48A–6–1 [1986] states:
A civil action to establish the paternity of a child and to obtain an order of support for the child may be instituted, by verified complaint, in the circuit court of the county where the plaintiff, the defendant or the child resides. Such action may be brought by any of the following persons:
(1) An unmarried woman with physical or legal custody of a child to whom she gave birth;
(2) A married woman with physical or legal custody of a child to whom she gave birth, if the complaint alleges that:
(A) Such married woman lived separate and apart from her husband for a period of one year or more immediately preceding the birth of the child;
(B) Such married woman did not cohabit with her husband at any time during such separation and that such separation has continued without interruption; and

(C) The defendant, rather than her husband, is the father of the child.
(3) Any person, including the state of West Virginia or the department of human services, who is not the mother of the child, but who has physical or legal custody of such child;
(4) The guardian or committee of such child;
(5) The next friend of such child when the child is a minor; or
(6) By such child in his own right at any time after the child's eighteenth birthday but prior to the child's twenty-first birthday.

2. Since the child bears the putative father's name, although the record is silent on this issue, it is likely that the child's birth certificate lists appellant as the father, which according to *W.Va.Code*, 16–5–12(e) [1979] is only to be done with the written consent of the mother and father.

rights. The trial court found that neither our statutes nor the common law bestowed visitation rights on the fathers of illegitimate children and held that a circuit court did not have subject matter jurisdiction. We reversed the trial court, finding that although jurisdiction of visitation privileges was not specifically enumerated in our statutes, *W. Va. Const.* Art, VIII, § 6 provides the circuit courts with the power and authority to handle such cases. "To deprive a parent of visitation rights without a hearing would constitute a denial of due process and equal protection under our state and federal constitutions." 161 W.Va. at 436, 242 S.E.2d 696.

If we were to uphold the decision of the circuit court in the case before us, it would eviscerate our decision in *J.M.S. v. H.A.* The appellant would have a disembodied right to visit his child that he can never enjoy because he cannot establish himself as the father.

 Consequently, to the extent that *W. Va. Code*, 48A–6–1 [1986] denies standing to the father of an illegitimate child to establish paternity, it is unconstitutional. However, rather than striking all the otherwise constitutional provisions of this statute, we apply our doctrine of the least intrusive remedy, which will then allow us to read this statute to include the appellant as a person entitled to maintain a paternity action.

As this Court said in Syl. Pt. 2 of *Anderson's Paving, Inc. v. Hayes,* 170 W.Va. 640, 295 S.E.2d 805 (1982):

Where a statute serves an urgent and necessary public purpose but is technically deficient for constitutional reasons, this Court will apply the doctrine of the least intrusive remedy and give the statute, wherever possible, an interpretation which will cure its defect and save it from total invalidation.

We are not ruling that any man who wishes may initiate a paternity action for any child. This state follows the near universal rule that a child born in wedlock is presumptively legitimate, even if conceived prior to the marriage. *L.A.M. v. M.L.M.,* 162 W.Va. 273, 250 S.E.2d 40 (1978). If a child is born out of wedlock, there is often a "determined father" either when a court has made a judicial determination of paternity, or when both parents agree and identify the father in affidavits. It is not our intention to encourage or allow third parties to initiate paternity actions in such situations. Our holding is limited to the case before us where the child has no other legal or determined father.

Accordingly, we hold that the circuit court has jurisdiction to entertain appellant's petition for visitation rights, including the necessary determination of paternity of Weston McGuire, so that if appellant is indeed the boy's father, a determination of appropriate visitation rights, if any, can be made.

Reversed and Remanded.