375 S.E.2d 816

**Michael A. CRONE**

v.

**Diana R. CRONE.**

No. 17972.

Supreme Court of Appeals of West Virginia.

Dec. 14, 1988.

---

No representation for appellant.

Edward Rebrook, Charleston, for appellee.

PER CURIAM:

This is an appeal from a final order of the Circuit Court of Mineral County, dated December 15, 1986, which modified a prior divorce decree to grant the appellee, Michael A. Crone, specific visitation rights

* W.Va.Code § 48–2–15(e) provides, in pertinent part:

with respect to the parties' infant son. The appellant, Diana R. Crone, asserts that the circuit court arbitrarily modified the visitation provisions of the divorce decree without affording her notice and an opportunity to be heard. We conclude that the circuit court denied the appellant due process of law, and we reverse the judgment of the lower court.

The parties were divorced by final order of the Circuit Court of Mineral County dated August 8, 1985. The order awarded Diana custody of the parties' infant son and granted Michael "the right to visit and associate with said child at reasonable and seasonable times."

By letter dated December 8, 1986, Michael's attorney advised the court that Diana had refused to allow Michael, a member of the military on active duty in Korea, to visit with his son during a two-week leave in November and requested clarification of Michael's visitation rights. By letter dated December 12, 1986, Diana's attorney responded and asserted that Michael had refused an opportunity to visit the child offered by Diana during his leave.

By order dated December 15, 1986, the circuit court granted Michael exclusive visitation privileges for a period of time equal to one-half of his military leave. Diana subsequently filed a motion for reconsideration, asserting that the modification of the divorce decree without affording her notice and an opportunity to be heard violated her due process rights and that the award of exclusive visitation rights was not in the best interest of the child. By letter order dated April 2, 1987, the circuit court denied the motion for reconsideration and affirmed its order of December 15, 1986.

■ W.Va.Code § 48–2–15(e) (1986 Replacement Vol.) vests a circuit court granting a divorce with continuing jurisdiction to modify its original order as to alimony, custody and child support as the altered circumstances of the parties and the needs of the children may require.* *State ex rel.*

At any time after the entry of an order pursuant to the provisions of this section, the court may, upon the verified petition of either

*Ravitz v. Fox,* 166 W.Va. 194, 273 S.E.2d 370 (1980); *Acord v. Acord,* 164 W.Va. 562, 264 S.E.2d 848 (1980). Proceedings for modification of support and custody decrees are subject to the protection of due process under the Fourteenth Amendment to the United States Constitution and Article III, Section 10 of the West Virginia Constitution. *See Tucker v. Tucker,* 176 W.Va. 80, 341 S.E.2d 700 (1986) (per curiam); *State ex rel. Ravitz v. Fox,* 166 W.Va. at 198–99, 273 S.E.2d at 373; *Acord v. Acord,* 164 W.Va. at 563–67, 264 S.E.2d at 850–851; *Harloe v. Harloe,* 129 W.Va. 1, 38 S.E.2d 362 (1946). "The due process of law guaranteed by the State and Federal Constitutions, when applied to procedure in the courts of the land, requires both notice and the right to be heard." Syllabus point 2, *Simpson v. Stanton,* 119 W.Va. 235, 193 S.E. 64 (1937).

Although not specifically included within the statute, we have recognized that non-custodial visitation is an important natural parental right closely related to the issue of custody and meriting the same due process protections. *Ledsome v. Ledsome,* 171 W.Va. 602, 301 S.E.2d 475 (1983); *St. Clair v. St. Clair,* 166 W.Va. 173, 273 S.E.2d 352 (1980) (per curiam); *J.M.S. v. H.A.,* 161 W.Va. 433, 242 S.E.2d 696 (1978). *See Arbogast v. Arbogast,* 174 W.Va. 498, 327 S.E.2d 675 (1984); *Blake v. Blake,* 172 W.Va. 690, 310 S.E.2d 207 (1983) (per curiam); *Dempsey v. Dempsey,* 172 W.Va. 419, 306 S.E.2d 230 (1983) (per curiam). "A court, in defining a parent's right to visitation, is charged with giving paramount consideration to the welfare of the child involved." Syllabus point 1, *Ledsome v. Ledsome,* 171 W.Va. at 602, 301 S.E.2d at 475.

█ Applying these principles to the case at bar, we conclude that the circuit court violated Diana's due process rights in failing to afford her notice and an opportunity to be heard prior to modifying the

divorce decree to grant Michael exclusive visitation. The summary disposition of the matter is particularly egregious in view of the fact that Diana produced some evidence upon her motion for reconsideration indicating that such visitation might not be in the child's best interests. Accordingly, we conclude that the order modifying the visitation provisions of the final divorce decree was void.

For the reasons stated herein, we reverse the December 15, 1986 order of the Circuit Court of Mineral County, and we remand this case for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

---

of the parties, revise or alter such order concerning the maintenance of the parties, or either of them, and make a new order concerning the same, as the altered circumstances or needs of the parties may render necessary to meet the ends of justice; and the court may also from time to time afterward, on the verified petition of either of the parties

or other proper person having actual or legal custody of the minor child or children of the parties, revise or alter such order concerning the custody and maintenance of the children, and make a new order concerning the same, as the circumstances of the parents or other proper person or persons and the benefit of the children may require....