483 S.E.2d 555

**STATE of West Virginia ex rel. Isobelle Donnie Ross ISFERDING, Petitioner**

v.

**Honorable Herman G. CANADY, Jr., Judge of the Circuit Court of Kanawha County, and George Allen Ross, Respondents.**

**No. 23793.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 14, 1997.

Decided Feb. 21, 1997.

Duane C. Rosenlieb, Jr., St. Albans, for Petitioner.

**PER CURIAM:**

This original proceeding was submitted to this Court upon the petition of Isobelle Donnie Ross Isferding asking this Court to prohibit the Honorable Herman G. Canady, Judge of the Circuit Court of Kanawha County, West Virginia, from modifying the terms of the petitioner's visitation rights concerning her two children, which terms had been established during divorce litigation between the petitioner and respondent, George Allen Ross. In particular, the petitioner complains of an order entered on February 8, 1995, in the underlying action of *Ross v. Ross (Isferding)*, Civil Action No. 83–C–2282 (Kanawha County), wherein the respondent judge changed the petitioner's unsupervised visitation with her children to supervised visitation and, in addition, directed that any visitation session between the petitioner and her children be upon the childrens' express consent.

This Court has before it the petition for a writ of prohibition, the memorandum in support thereof and the order of February 8, 1995. No responses to the petition have been filed. For the reasons stated below, this Court concludes that the question of modification of the petitioner's visitation rights was not properly raised below. Consequently, relief in prohibition is granted, and the respondent judge is directed to enter an order restoring the prior terms of visitation to the petitioner.

**I**

During their marriage, the petitioner and respondent George Allen Ross had two children. The first child was born on October 14, 1979, and the second child was born on December 16, 1980. In 1983, however, the petitioner and George Allen Ross were divorced. As the petition before this Court indicates, the petitioner was granted unsupervised visitation with the children every third weekend and for two non-consecutive weeks during the summer. In addition, the petitioner was granted visitation on alternate holiday weekends, and she could visit with the children by telephone each Sunday.

In December 1992, the petitioner instituted a contempt proceeding against respondent George Allen Ross in the Circuit Court of Kanawha County. The petitioner asserted that Ross had denied her visitation with the children. Soon after, a hearing was conducted in the circuit court during which the petitioner submitted evidence concerning the denial of visitation. Ross appeared at the hearing only through counsel, and the matter was continued in order to provide Ross with an opportunity to submit his evidence. Ross failed to appear at a later scheduled hearing, however, and was found in contempt.

According to the petition, Ross then filed a motion with the circuit court to reconsider the finding of contempt, and a hearing upon the motion was conducted on March 18, 1994. Thereafter, on February 8, 1995, the respondent judge entered an order, the import of which modified the terms of the petitioner's visitation rights concerning her children. Specifically, the order provided that the petitioner's visitation rights were to be "on condition that the maternal grandparent, Martina Miller, shall be present during all visits, and upon the additional condition that [the two children] shall first call [the petitioner] in advance and register their willingness to undertake such visitation."

Importantly, although the order of February 8, 1995, indicated that the proceedings before the circuit court were upon the petitioner's motion that George Allen Ross "be held in contempt for denial of visitation," the order primarily concerned a modification of the petitioner's visitation rights. Even so, neither the petitioner nor Ross, as the petition before this Court states, ever filed a motion or petition requesting a modification of visitation. Moreover, as a review of the order of February 8, 1995, suggests, the cir-

cuit court made no specific findings concerning the necessity of supervised visitation and made no specific findings concerning the nature of supervised visitation with regard to the requirements of these two children.

## II

In syllabus point 2 of *Carter v. Carter,* 196 W.Va. 239, 470 S.E.2d 193 (1996), this Court observed:

> *W.Va.Code,* 48–2–15 (1993), grants the circuit court in a divorce proceeding plenary power to order and enforce a noncustodial parent's visitation rights with his or her children. *W.Va.Code,* 48–2–15(b)(1) (1993), the subsection specifically dealing with visitation, provides, in pertinent part: 'The court may provide for the custody of minor children of the parties, subject to such rights of visitation, both in and out of the residence of the custodial parent or other person or persons having custody, as may be appropriate under the circumstances. In every action where visitation is awarded, the court shall specify a schedule for visitation by the noncustodial parent [.]'

*See also* syl. pt. 3, *Haller v. Haller,* 198 W.Va. 487, 481 S.E.2d 793 (1996). Although *W.Va.Code,* 48–2–15(b)(1) (1993), effective throughout much of the litigation below, has since been amended, the above-quoted provisions of the statute have remained the same.

 In some circumstances, visitation should be supervised, "when necessary to protect the best interests of the children." Syl. pt. 3, *Carter, supra;* syl. pt. 4, 196 W.Va. 239, 470 S.E.2d 193, *Haller, supra.* However, a conclusion that visitation should be supervised requires a variety of considerations and the making of specific findings. As this Court held in syllabus point 3 of *Mary D. v. Watt,* 190 W.Va. 341, 438 S.E.2d 521 (1992):

> Where supervised visitation is ordered pursuant to *W.Va.Code,* 48–2–15(b)(1) [1991], the best interests of a child include determining that the child is safe from the fear of emotional and psychological trauma which he or she may experience. The

person(s) appointed to supervise the visitation should have had some prior contact with the child so that the child is sufficiently familiar with and trusting of that person in order for the child to have secure feelings and so that the visitation is not harmful to his or her emotional well being. Such a determination should be incorporated as a finding of the family law master or circuit court.

*See also* syl. pt. 3, *Alireza D. v. Kim Elaine W.,* 198 W.Va. 178, 479 S.E.2d 688 (1996).

In this proceeding, the order of February 8, 1995, fails to indicate that the above considerations and findings were made. As stated above, the order contains no findings concerning the necessity of supervised visitation and no findings concerning the nature of supervised visitation with regard to the requirements of these two children. Moreover, although that order directed that any visitation session between the petitioner and her children be upon the childrens' express consent, the order further suggests that George Allen Ross may have somewhat alienated the children from visitation with the petitioner. As the order states: "The conduct of the plaintiff/respondent [George Allen Ross] with respect to his duty to encourage visitation, although in many respects wanting, and in violation of duty not to hold the opposite parent to scorn, still appears not to be entirely the fault of plaintiff/respondent [.]" Furthermore, as noted above, although the order indicated that the proceedings before the circuit court were upon the petitioner's motion that George Allen Ross "be held in contempt for denial of visitation," the order primarily concerned a modification of the petitioner's visitation rights. Thus, the order of February 8, 1995, in changing unsupervised visitation to supervised visitation, is quite problematic.*

Moreover, a review of the documents before this Court demonstrates that the petitioner is correct in her assertion that neither the petitioner nor George Allen Ross ever filed a motion or petition requesting a modification of visitation. The proceedings before the circuit court, resulting in the order of

---

* Should allegations of abuse arise during the course of a proceeding, a circuit court can order measures to protect the child until a full hearing can be had on such allegations.

February 8, 1995, arose solely from the petitioner's request that Ross be held in contempt for denying her visitation with the children. Consequently, the question of modification of the petitioner's visitation rights was not properly raised below. As the petitioner's memorandum in support of the petition for a writ of prohibition makes clear:

> [T]he litigation of the matter below was initiated only by Isferding's filing of a Petition for Contempt on December 2, 1992. Nothing about this Petition related to the issue of altering visitation privileges, and all of the hearings conducted in this matter were for either Isferding to put on evidence in support of Ross' contempt, or for Ross to purge himself of same.

In *Crone v. Crone*, 180 W.Va. 184, 375 S.E.2d 816 (1988), this Court held that a former wife's due process rights were violated in failing to afford her notice and hearing prior to modifying her former husband's visitation rights concerning their son. Noting that a court, in considering visitation rights, is charged with giving paramount consideration to the welfare of the child, this Court, in *Crone*, stated: "[W]e have recognized that noncustodial visitation is an important natural parental right closely related to the issue of custody and meriting the same due process protections." 180 W. Va. at 186, 375 S.E.2d at 818.

■ Here, the petitioner acknowledges that, pursuant to *W. Va.Code*, 48–2–15, a circuit court has continuing jurisdiction to modify the terms of orders concerning visitation rights. In the underlying action, however, the modification occurred without proper notice and hearing, and, in this instance, in the absence of any motion or petition requesting a change in the petitioner's visitation rights. The proceeding arose solely upon the issue of contempt for an alleged denial of visitation rights previously established. This Court is of the opinion, therefore, that the petitioner is entitled to relief in prohibition with regard to the February 8, 1995, order.

■ In the recent case of *State ex rel. Hoover v. Berger*, No. 23737, 199 W.Va. 12, 483 S.E.2d 12 (1996), this Court discussed various circumstances warranting relief in prohibition. Syllabus point 4 of *Hoover* holds:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

*See also W. Va. R.App. P.* 14; *W. Va.Code*, 53–1–1 [1931], *et seq.*; syl. pt. 1, *Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d 744 (1979).

The principles thus expressed in *Hoover* having been met by the petitioner herein, a writ of prohibition is hereby granted prohibiting the respondent judge from modifying the terms of the petitioner's visitation rights concerning her two children in the underlying action of *Ross v. Ross (Isferding)*, Civil Action No. 83–C–2282. Instead, the respondent judge is directed to enter an order restoring the prior terms of visitation to the petitioner.

Writ granted.