# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: The Marriage/Children of:**

**Lissa L.,**
**Petitioner Below, Petitioner**

**vs)   No. 13-0537** (Wood County 98-D-708)

**Robert L.,**
**Respondent Below, Respondent**

**FILED**

April 25, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother Lissa L.[1], *pro se*, appeals the order of the Circuit Court of Wood County dated April 29, 2013, refusing her appeal of the Family Court of Wood County's order denying her petition for contempt. Respondent Father Robert L., by counsel Michele Rusen, has filed a response. Petitioner Mother has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner Mother and Respondent Father were divorced in 1999. At that time, custody of the couple's then two-year-old daughter was granted to Respondent Father. Petitioner Mother had visitation every weekend, but only exercised her visitation every other weekend. In August of 2010, Respondent Father informed Petitioner Mother via email that the child, then almost fourteen, did not want to spend every other weekend with Petitioner Mother based on the child's inability to socialize or participate in activities with friends due to the remote location of Petitioner Mother's home. Respondent Father noted that, based on the child's age, a new parenting agreement should be discussed. Petitioner Mother filed a petition for contempt based on Respondent Father's failure to abide by the joint parenting plan, and an order for rule to show cause was issued against Respondent Father on September 9, 2010.

---

[1]"We follow our past practice in juvenile and domestic relations cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. West Virginia Dep't of Human Servs. v. Cheryl M.*, 177 W. Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987) (citations omitted).

1

On October 18, 2010, a hearing was held on the petition for contempt. Respondent Father stated that the child's counselor had indicated that visitation with Respondent Mother was counter-productive; however, he failed to present any documentation of this opinion. Respondent Father appeared *pro se* at this hearing. The family court granted the petition, allowed Petitioner Mother additional weekend visitation, and fined Respondent Father $500.

Another petition for contempt was filed by Petitioner Mother in June of 2011, after Respondent Father advised her that the child would not be spending fifty percent of her summer vacation with Petitioner Mother as set forth in the original parenting plan. Respondent Father indicated that his intention was to maintain the every other weekend visitation that the parties had maintained for over ten years. A hearing was held on this petition on June 27, 2011, and by order dated July 7, 2011, the family court found that Respondent Father had not intentionally withheld the child from Petitioner Mother and dismissed the petition for contempt. Moreover, the court found that although Petitioner Mother has been entitled to "split" the summer recess with Respondent Father under the parenting plan, she had never done so in the twelve years the plan had been in place. Thus, the court modified the parenting plan to give Petitioner Mother two weeks of continuous visitation with the child in the summer, Respondent Father two weeks of continuous visitation with the child in the summer, and then the normal schedule granting Petitioner Mother every other weekend would resume.

Respondent Father appealed this order to the Circuit Court of Wood County based on his contention that the child testified in camera before the family court that she did not seek extended visitation with her mother. The circuit court issued an order dated August 26, 2011, that denied the petition for appeal based on the fact that the family court judge had not indicated what the child said in the in camera hearing and, therefore, there was no factual basis for the appeal.

Petitioner Mother filed a third petition for contempt on November 7, 2012, after Respondent Father indicated that he was not going to comply with Petitioner Mother's visitation for the weekend of November 2, 2012. She also indicated that she had not been furnished with the child's report cards, or a schedule of social and/or academic events in the child's life. Petitioner Mother then filed an additional emergency motion for contempt, as the hearing on the November 7, 2012, petition was not set until January of 2013, and she feared she would lose additional visitation time with her child, including Christmas. On December 10, 2012, the family court issued an order finding that there was no impending emergency and the scheduled hearing on January 14, 2013, would go forward. After the hearing, the family court issued an order on March 4, 2013, finding that the child, then one month from her sixteenth birthday, "should be permitted to change the parenting plan as it refers to her visitation with her mother." The court stated that it would not enforce the order entered on July 6, 2011.[2] The family court also found that petitioner's evidence was immaterial to the issues in the filings, and that the contempt motion was dismissed. The family court noted that the child was able to determine when she desired to visit with her mother.

---

[2]The record reflects that the order was actually entered on July 7, 2011.

Petitioner Mother appealed the family court order to the circuit court on March 25, 2013, arguing that the family court denied her the opportunity to present witnesses; that the court erred in not finding Respondent Father in contempt of prior orders after he admitted he had not followed them; and, in finding that the child's age of fifteen years and eleven months was sufficient to allow the child to modify the parenting plan. Respondent Father opposed the petition for appeal. On April 29, 2013, the circuit court entered an order affirming the family court's order and denying the petition for appeal.

We review a circuit court's denial of the appeal from a family court order under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Petitioner Mother first argues that the family court made a clear and plain error when it did not address the allegation in the contempt petition that Respondent Father has consistently refused to communicate with Petitioner Mother about the child and had failed to provide notification of grades, parent-teacher conferences, and activities as required in their official parenting agreement. However, we find that this issue was not raised before the circuit court. This Court has stated that "'[a] litigant may not silently acquiesce to an alleged error . . . and then raise that error as a reason for reversal on appeal.' Syl. Pt. 1, in part, *Maples v. W.Va. Dep't of Commerce, Div. of Parks and Recreation*, 197 W.Va. 318, 475 S.E.2d 410 (1996)." Syl. Pt. 4, *PNGI Charles Town Gaming, LLC v. Reynolds*, 229 W.Va. 123, 727 S.E.2d 799 (2011). In reply to Respondent Father's response on appeal, Petitioner Mother argues plain error. "'To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings.' Syl. pt. 7, *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995)." Syl. Pt. 4, *Voelker v. Frederick Business Properties Co.*, 195 W.Va. 246, 465 S.E.2d 246 (1995). With regard to this assignment of error, we find no plain error, as the alleged failure to communicate was merely a secondary issue, as evidenced by the fact that the alleged failure to communicate did not appear in the first two contempt petitions, and was not properly appealed to the circuit court.

Petitioner Mother next argues that the family court erred in allowing as a defense that the hope, promise, or fact of a favorable ruling regarding future visitation mitigates the past contempt. Specifically, Petitioner Mother contends that Respondent Father's attorney advised him not to follow the parenting plan based on the child's wishes, because he felt that the family court would find in favor of Respondent Father in any future contempt proceeding. Petitioner Mother relies on this Court's opinion in *Lemley v. Barr,* 176 W.Va. 378, 385, 343 S.E.2d 101, 108 (1986), which states as follows:

The resolution of cases must not provide incentives for those likely to take the law into their own hands. Thus, those who obtain custody of children unlawfully, particularly by kidnapping, violence, or flight from the jurisdiction of the courts, must be deterred. Society may not reward, except at its peril, the lawless because the passage of time has made correction inexpedient.

However, this Court finds that Respondent Father's conduct did not rise to this level. Although Petitioner Father's proper recourse could have been to file his own motion for modification of the parenting plan, he relied on his child's stated preference as a defense to the allegations of contempt lodged against him by Petitioner Mother. Pursuant to West Virginia Code § 48-9-206, the child, who was then over the age of fourteen, had the right to express a preference regarding visitation with her mother. As to whether Respondent Father was directed by his attorney to violate the prior order, Respondent Father did not offer this alleged advice as his defense to the allegations of contempt. Rather, he relied on the stated preference of his child in defending his alleged contempt. We find no merit to this assignment of error.

Petitioner Mother also argues that the court erred in its interpretation of West Virginia Code § 48-9-201 by finding that only the firm preferences of the child were material to determining visitation, which she argues complies neither with the law, precedent, nor common sense. The family court judge stated that he was required to alter the visitation order based on the child's age and firmly stated preferences, but Petitioner Mother argues that there is no such requirement. Petitioner Mother further argues that the family court erred in not considering the best interests of the child when altering the visitation order pursuant to West Virginia Code § 48-9-102, which states:

(a) The primary objective of this article is to serve the child's best interests, by facilitating:

(1) Stability of the child;

(2) Parental planning and agreement about the child's custodial arrangements and upbringing;

(3) Continuity of existing parent-child attachments;

(4) Meaningful contact between a child and each parent;

(5) Caretaking relationships by adults who love the child, know how to provide for the child's needs, and who place a high priority on doing so;

(6) Security from exposure to physical or emotional harm; and

(7) Expeditious, predictable decision-making and avoidance of prolonged uncertainty respecting arrangements for the child's care and control.

4

(b) A secondary objective of article is to achieve fairness between the parents.

In this case, based on the child's age, the family court also had to consider the child's preferences:

(a) Unless otherwise resolved by agreement of the parents under section 9-201 or unless manifestly harmful to the child, the court shall allocate custodial responsibility so that the proportion of custodial time the child spends with each parent approximates the proportion of time each parent spent performing caretaking functions for the child prior to the parents' separation or, if the parents never lived together, before the filing of the action, except to the extent required under section 9-209 [§ 48-9-209] or necessary to achieve any of the following objectives: . . .

(2) To accommodate the firm and reasonable preferences of a child who is fourteen years of age or older, and with regard to a child under fourteen years of age, but sufficiently matured that he or she can intelligently express a voluntary preference for one parent, to give that preference such weight as circumstances warrant; . . . .

W.Va. Code § 48-9-206, in part. Based on the record on appeal, this Court finds no error. Although the child's in camera testimony was not presented on appeal, the family court found that the child did not wish to continue visitation with her mother. The record does show that although Petitioner Mother was granted significant visitation, she failed to exercise all of her visitation for more than a decade, choosing instead to see the child only every other weekend as opposed to every weekend, and not exercising the majority of the visitation she was granted for the child's school breaks. There is no evidence presented that the preference of the child, who is nearing the age of majority, was not firm and reasonable, as the child had apparently sought to cease visitation for a significant period of time prior to the final order on appeal.

Additionally, Petitioner Mother argues that the family court erred in effectively modifying or terminating her visitation, in the absence of any motion or petition requesting a change or vacation of her visitation rights. Petitioner Mother relies on *State ex rel. Isferding v. Canady,* 199 W.Va. 209, 483 S.E.2d 555 (1997), arguing that *Isferding* prevents the court from modifying the visitation order during a contempt proceeding. However, this Court notes that the case sub judice is distinguishable from *Isferding* in that, first, *Isferding* did not deal with a child over the age of fourteen years who can express a preference regarding visitation. Moreover, *Isferding* was decided prior to the enactment of West Virginia Code § 48-9-501, which governs the enforcement of parenting plans. Based on the uncontroverted firm and reasonable preferences of the child, as stated above, this Court finds no error in the modification of Petitioner Mother's visitation rights.

Also, Petitioner Mother argues that the family court erred in refusing to permit a fair, meaningful hearing on her third petition for contempt based solely on the child's in camera statement. Petitioner Mother claims that she was denied the right to present evidence as to the

best interests of the child. This Court disagrees. The family court found that because the child expressed her preference, and found that the child's decision was clear and unambiguous, it was unnecessary to hear further evidence on the matter, as the parenting plan should then be altered. Further, this Court bears in mind that the family court had more than a passing familiarity with the circumstances in this case and was in the best position to make the decision regarding the parenting plan.

Finally, Petitioner Mother argues that the family court erred first when it did not investigate whether the opposing attorney had violated the Rules of Professional Conduct Rule 8.4 by advising his client to disobey a court order, and second, by not investigating the same, this gave rise to an of impropriety. Petitioner Mother argues that pursuant to the West Virginia Code of Judicial Conduct, Canon 3(D)(2), "a judge who receives information indicating a substantial likelihood that a lawyer has committed a violation of the Rules of Professional Conduct should take appropriate action. A judge having knowledge that a lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects shall inform the appropriate authority." However, this Court finds that the proper forum for any investigation into the conduct of Respondent Father's attorney is the Office of Disciplinary Counsel, not the family court or this Court. Thus, this Court need not address this final assignment of error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 25, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

6