JANET JEFFRIES (BURNETT)

*v.*

CHARLES V. E. JEFFRIES

(No. 14360)

Decided April 10, 1979.

*LaVerne Sweeney* for appellant.

*Mosesso, Mucklow & Fogg, Thomas O. Mucklow* for appellee.

PER CURIAM:

In this case the appellant, Janet Jeffries Burnett, contends that the Circuit Court of Taylor County erred in transferring custody of her four-year-old son to Charles V. E. Jeffries, the child's father.

By order entered May 27, 1976, the Circuit Court of Taylor County granted Janet Jeffries a divorce from

Charles V. E. Jeffries and awarded her permanent custody of the couple's then one-year old son.

On November 28, 1977, Charles V. E. Jeffries filed a petition praying that the circuit court transfer custody of the child to him. In his petition he alleged that the appellant had on various occasions absented herself from West Virginia and that she had taken the child with her. He also alleged that the appellant was not a fit or proper person to have the custody of the child, and that she was planning to move with the child to California.

After conducting a hearing on the petition for change of custody, the circuit court, in an order entered on May 25, 1978, found, in part:

"1) both Plaintiff-Respondent [Janet Jeffries (Burnett)] and Defendant-Petitioner [Charles V. E. Jeffries] are equally fit and proper persons to have the care, custody and control of the infant child;

. . .

3) that the best interests of the child would not be served by permitting said child to return to the State of California, thereby denying the reasonable visitation rights not only of the Defendant, but of the maternal and paternal grandparents and other relatives."

The order concluded by transferring custody of the child from mother to father.

Janet Jeffries Burnett now appeals, contending, among other points, that:

1. The circuit court erred in changing the custody of a four-year-old child from mother to father when the court found both parties equally fit; and

2. The circuit court erred in using the state of residency of a majority of the child's relatives as a basis for changing custody of the child.

With reference to the custody of very young children, this Court has firmly subscribed to two principles:

1. The law favors the mother if she is a fit person, other things being equal. *Cloud v. Cloud*, ___ W. Va. ___, 239 S.E.2d 669 (1977); *Funkhouser v. Funkhouser*, ___ W. Va. ___, 216 S.E.2d 570 (1975); *Settle v. Settle*, 117 W. Va. 476, 185 S.E. 859 (1936); and

2. Where a change of custody is sought, a change in circumstances of the parties alone is not sufficient; it must be shown that a change in custody would materially promote the welfare of the child. *Cloud v. Cloud, supra; Holstein v. Holstein*, 152 W. Va. 119, 160 S.E.2d 177 (1978); *Pugh v. Pugh*, 133 W. Va. 501, 56 S.E.2d 901 (1949).

The evidence adduced in the case now before us demonstrates, and the circuit judge so found in his order, that both parties were equally fit to have custody of the child involved. It is true that the circumstances of the parties had changed in that both the appellant and appellee had entered into second marriages and that the appellant planned to move to California. However, there was no showing that a change in custody would materially promote the welfare of the child.

In ordering the change of custody, the circuit court emphasized that if the appellant moved to California with the child, the maternal and paternal grandparents would be denied their visitation rights.

This Court recently held that a grandparent has no legal right to custody of his or her grandchild and has no legal right to visit and communicate with such grandchild over the parents' objection. *Brotherton v. Boothe*, ___ W. Va. ___, 250 S.E.2d 36 (1978).

We conclude that the circuit court, in this case, erred in ignoring the rule that with reference to very young children the law favors custody in the mother, other things being equal. We also conclude the court erred in placing custody in the father under the mistaken belief that the grandparents of the child had some legal right of visitation.

The ruling of the Circuit Court of Taylor County is, therefore, reversed, and this case is remanded with directions that the parties be restored to the status established by the divorce decree entered by the circuit court on May 27, 1976.

*Reversed and remanded.*