483 S.E.2d 846

**ELMER JIMMY S. and Wilma Jean S., Plaintiffs Below, Appellants,**

**v.**

**KENNETH B. and Phyllis B., Defendants Below, Appellees.**

**No. 23786.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 28, 1997.

Decided Feb. 28, 1997.

Thomas E. Esposito, Esposito & Esposito, Logan, for Appellants.

J. Timothy Poore, Williamson, for Appellees.

DAVIS, Justice:

The appellants, Elmer and Wilma S.,[1] plaintiffs below, appeal from an order of the Circuit Court of Mingo County denying their petition for visitation with their natural grandson. The circuit court found that Elmer and Wilma did not have standing to petition the court for visitation due to the previous termination of the parental rights of their son, the child's father. The appellants argue that they are entitled to visitation under the provisions of W. Va.Code § 48–2B–1 et seq. We disagree. We hold that W. Va. Code § 48–2B–1 et seq. affords circuit courts jurisdiction to consider grandparent visitation under the limited circumstances provided therein, even though the parental rights of the parent through whom the grandparent is related to the grandchild or grandchildren have been terminated. We conclude that, under the particular circumstances of this

---

1. We follow our past practice in domestic and juvenile cases involving sensitive facts and do not use the last names of the parties. See, e.g., State ex rel. Amy M. v. Kaufman, 196 W.Va. 251, 470 S.E.2d 205 (1996).

case, the circuit court was without jurisdiction under W. Va.Code § 48–2B–1 *et seq.* to consider the appellants' request for visitation.

## I. FACTS

The child with whom visitation is sought was born on March 12, 1986. On March 16, 1988, the child's father was convicted of murder, in the second degree, of the child's mother. The murder apparently occurred in February of 1987. Thereafter, the child resided with the appellants, his paternal grandparents, from February, 1987, until October, 1988, during which time Wilma S. became his primary caretaker. The child's father also lived in the appellants' household prior to his incarceration and conviction.

Despite the fact that the appellees, the child's maternal grandparents Kenneth and Phyllis B., were awarded visitation with the child in January, 1988, no visitation occurred until they brought contempt proceedings. Thereafter, Kenneth and Phyllis B. petitioned the circuit court for custody of the child and for termination of the father's parental rights. By order entered November 3, 1988, the circuit court awarded custody of the child to the maternal grandparents and terminated the father's parental rights. In addition, the court granted visitation rights to the appellants, the child's paternal grandparents.

Subsequently, the circuit court *sua sponte* directed the parties to work out a joint custody arrangement. Joint custody was awarded by order entered June 16, 1989. The maternal grandparents appealed the order to this Court, where we reversed and remanded the case for a determination of proper custody considering the best interests of the child.[2] Thereafter, by order entered March 21, 1991, the circuit court granted sole custody of the child to the appellees, the maternal grandparents, and granted visitation to the paternal grandparents.

Although the record is somewhat unclear, it appears that sometime after the March 21, 1991, order a dispute arose between the parties regarding visitation. On October 10, 1993, the paternal grandparents filed a complaint in the Circuit Court of Mingo County seeking visitation with their grandson. The case was referred to a Family Law Master who, after conducting a hearing, recommended that the paternal grandparents' request for visitation be denied. The Family Law Master suggested that the paternal grandparents lacked standing to assert visitation rights due to the termination of the parental rights of their son, the child's natural father. Thereafter, by order entered November 7, 1995, the Circuit Court of Mingo County denied the paternal grandparents' request for visitation. It is from this order that the appellants now appeal.

## II. STANDARD OF REVIEW

■ We are asked to determine whether grandparents may assert the right to visitation with their grandchild when the parental rights of the grandparent's child, with regard to such grandchild, have been terminated. Our review of this legal question is *de novo.* "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

## III. DISCUSSION

The appellants, the paternal grandparents of the child with whom visitation is sought, argue that they are entitled to visitation with their grandson under W. Va.Code § 48–2B–1 *et seq,* which provides for grandparent visitation. The appellants further contend that the child's best interests were not considered when the court denied their request for visitation.[3]

2. This Court's earlier decision was reported in *Kenneth B. v. Elmer Jimmy S.*, 184 W.Va. 49, 399 S.E.2d 192 (1990). In that decision, we also affirmed the termination of the father's parental rights.

3. The appellees respond that the "court found specifically" that the minor child involved in this case should not have contact with his paternal grandparents. The appellees also asserts that the best interests of the child were clearly "considered and given great weight by the court." We have thoroughly reviewed the record, as submit-

At common law, "grandparents possessed no legal right to custody or visitation of a grandchild over the parent's objection. Syl. pt. 1, *Brotherton v. Boothe,* 161 W.Va. 691, 250 S.E.2d 36 (1978); *Jeffries v. Jeffries,* 162 W.Va. 905, 907, 253 S.E.2d 689, 691 (1979)." *Petition of Nearhoof,* 178 W.Va. 359, 361–62, 359 S.E.2d 587, 589–90 (1987) (footnote omitted). However, the enactment of W. Va. Code § 48–2B–1 in 1980, which provided for grandparent visitation with the child of a deceased child of such grandparent, "change[d] the common law rule in West Virginia as to the right of grandparents' visitation." *Id.* at 362, 359 S.E.2d at 590.

In *Nearhoof,* the only case interpreting the 1980 version of W. Va.Code § 48–2B–1 (1980) (1986 Repl.Vol.), grandparents sought a declaration that the adoption of their deceased daughter's child by the spouse of their daughter's former husband would not terminate their visitation rights. At the time *Nearhoof* was decided, W. Va.Code § 48–2B–1 provided for grandparent visitation only when the grandparent's child (a parent of the grandchild) was deceased. Because the statute was silent as to the effect of an adoption upon such visitation, the Court addressed what appeared to be conflicting visitation policies embodied in the statutes pertaining to adoption [4] and grandparent visitation.[5] The Court concluded that the policies embodied in these statutes were not conflicting and held that the grandparents had a right to visitation as provided for in W. Va.Code § 48–2B–1. In concluding that the statutes were not conflicting, the Court commented

that "had the legislature intended the adoption statute to limit the statute providing for grandparents' visitation, the statutes could have reflected that intention." *Nearhoof,* 178 W.Va. at 364, 359 S.E.2d at 592 (citation omitted).[6]

In 1992, West Virginia Code § 48–2B–1 *et seq.,* was substantially amended and reinacted. The new Article 2B begins by stating:

(a) The Legislature finds that *circumstances may arise where it is appropriate for circuit courts of this state to have jurisdiction to grant to the grandparents of minor children a right of visitation* to enhance the best interests of the minor child or children as well as the grandparent. The Legislature further finds that in such situations, as in all situations involving children, the best interests of children must be the paramount consideration. *It is the express intent of the Legislature that the provisions for grandparent visitation set forth in this article shall be exclusive* and under all circumstances the interests of the child or children involved shall be the court's first and paramount consideration.

W.Va.Code § 48–2B–1(a) (1994) (Repl.Vol. 1996) (emphasis added).[7] The next five sections of the statute enumerate five circumstances in which the Legislature has deemed it appropriate for circuit courts to have jurisdiction to consider grandparent visitation, when it is also in the best interest of the child.[8]

 While W. Va.Code § 48–2B–1 *et seq.* is designated as the exclusive provision

---

ted to this Court, and find nothing to support these contentions. The circuit court apparently found it unnecessary to proceed to a consideration of the best interests of the child, after having concluded that the grandparents lacked standing to request visitation.

**4.** W. Va.Code § 48–4–1, *et seq.*

**5.** At that time, there were two statutes related to grandparent visitation. W. Va.Code § 48–2B–1 (1980) (1986 Repl.Vol.), which provided for grandparent visitation when the child's parent was deceased, and W. Va.Code § 48–2–15(b)(1) (1986) (1986 Repl.Vol.), which provided for grandparent visitation under certain circumstances when the parents of the child were divorced.

**6.** However, the *Nearhoof* decision was limited, under the provisions of W. Va.Code § 48–2B–1

as they existed at that time, to grandparent visitation with the child of a deceased child of the grandparent. Grandparents otherwise had no right of visitation with a grandchild who had been adopted.

**7.** This section was amended in 1994 by the addition of paragraph (b), which defines the term "grandparent" and is not relevant to the issues herein addressed.

**8.** Generally, those circumstances as contemplated by W.Va.Code § 48–2B–2 to –6 (1992) (Repl. Vol.1996), are: (1) where divorce or separate maintenance is ordered and the parent has not appeared, etc.; (2) upon abandonment or abrogation of visitation rights by the grandchild's parent or judicial preclusion of such visitation; (3) when the parent through whom the grandparent is related is deceased; (4) when the minor

for grandparent visitation, it is silent with regard to grandparent visitation when the parental rights of the grandparent's child (the parent of the grandchild) have been terminated. In addition, we are not aware of any statute expressly prohibiting grandparent visitation under such circumstances. Thus, following the Court's reasoning in *Nearhoof*, we believe that had the legislature intended the termination of parental rights to affect the visitation rights of the corresponding grandparent, the statute could have reflected that intention. *Cf. Nearhoof*, 178 W.Va. at 364, 359 S.E.2d at 587. Consequently, we hold that W. Va.Code § 48–2B–1 *et seq.* affords circuit courts jurisdiction to consider grandparent visitation under the limited circumstances provided therein, even though the parental rights of the parent through whom the grandparent is related to the grandchild or grandchildren have been terminated.[9] Generally, those circumstances are: (1) where divorce or separate maintenance is ordered and the parent has not appeared, etc.; (2) upon abandonment or abrogation of visitation rights by the grandchild's parent or judicial preclusion of such visitation; (3) when the parent through whom the grandparent is related is deceased; (4) when the minor child has resided with the grandparent for six consecutive months or more within the past two years; and (5) under certain circumstances when the parents of the child are unwed, as contemplated by W. Va.Code § 48–2B–2 to –6 (1992) (Repl. Vol.1996).[10] However, we find that under the particular circumstances of the case *sub judice*, the circuit court was without jurisdiction to consider the appellants' request for visitation under the grandparents rights statute.[11]

The appellants argue that they are entitled to visitation with their grandchild under the provisions of W. Va.Code § 48–2B–3 (1992) (Repl.Vol.1996).[12] We disagree. The appellants' analysis ignores paragraph (a) of that

child has resided with the grandparent for six consecutive months or more within the past two years; and (5) under certain circumstances when the parents of the child are unwed, as contemplated by W. Va.Code § 48–2B–2 to –6 (1992) (Repl.Vol.1996).

9. However, a court ordering termination of the rights of a parent for abuse or neglect may preclude continued contact with a grandparent if such continued contact might create a danger of further abuse or neglect.

10. Our opinion in no way erodes this Court's position that a child has a right to continued association with individuals with whom he or she has formed a close emotional bond. Syl. pt. 11, *In re: Jonathan G.*, 198 W. Va. 716, 482 S.E.2d 893 (1996). See also *Honaker v. Burnside*, 182 W.Va. 448, 388 S.E.2d 322 (1989), wherein we held that a child had a continued right of association with a step-father (husband of deceased mother) and half-sibling upon a showing that an emotional bond existed and that such continued association was in the child's best interests.

11. While not applicable to the case at bar, we note that this Court recently approved Rules of Procedure For Child Abuse and Neglect Proceedings, which became effective on January 1, 1997. Rule 15 of those rules provides for the circuit court's consideration of visitation, and states in part:
The effect of entry of an order of termination of parental rights shall be, *inter alia*, to prohibit all contact and visitation between the child who is the subject of the petition and the parent who is the subject of the order and the respective grandparents, unless the court finds the child consents and it is in the best interest of the child to retain a right of visitation.
A footnote to this rule states that it "is intended to neither increase nor decrease any rights of the grandparents as set forth in W. Va.Code §§ 49–6–1 et seq. and 48–2B–1 et seq." In light of this footnote, and the Legislature's finding that "circumstances may arise where it is appropriate to grant grandparent visitation to enhance the best interests of the child," W. Va.Code § 48–2B–1 (1994) (Repl.Vol.1996), we believe Rule 15 is in accord with our holding today.

12. W. Va.Code § 48–2B–3 (1992) (Repl.Vol.1996) states:
(a) A grandparent may petition a circuit court, which has entered a final order of divorce or annulment or has granted a decree of separate maintenance, for an order granting visitation rights with a minor grandchild where:
(1) The parent through whom the grandparent is related to the minor grandchild is deemed the noncustodial parent of the minor child by virtue of the court's order regarding custody of the minor child;
(2) The parent through whom the grandparent is related to the minor child having been granted visitation rights with the minor child refuses, fails or is unable to avail himself or herself of the right of visitation for a period of six months or more or has been precluded visitation rights by court order or is an active duty member of the armed forces of the United States whose permanent duty station is located more than one hundred miles from the border of this state; and

section, which requires first that the grandparent's petition be filed with the circuit court that "entered a final order of divorce or annulment or has granted a decree of separate maintenance." W. Va.Code § 48–2B–3(a). No such final order or decree was entered in this case. Next, W. Va.Code § 48–2B–3(a)(1) requires that the parent through whom the grandparent is related to the grandchild be deemed the "noncustodial parent." In this case the parental rights of the appellants' son, through whom they are related to their grandchild, were terminated. When an individual's parental rights have been terminated the law no longer recognizes such individual as a "parent" with regard to the child or children involved in the particular termination proceeding. Implicit in the term "noncustodial parent," as used in W. Va.Code § 48–2B–3(a)(1), is the fact that such person is a "parent" to the child in question. Thus, the non-parent whose parental rights have been terminated could not then be deemed a "noncustodial *parent.*" Furthermore, the criteria of subsections (1), (2) and (3) of W. Va.Code § 48–2B–3(a) must all be met before a grandparent may petition a circuit court for visitation. Because the appellants do not meet the requirements of subsection (1), we need not address subsections (2) and (3).

The appellants also argue that their request for visitation should be considered under W. Va.Code § 48–2B–5 (1992) (Repl.Vol. 1996),[13] by virtue of the fact that the child resided with them from February of 1987, through October of 1988, without interruption. W. Va.Code § 48–2B–5(1) requires, in part, that the minor grandchild resided without significant interruption with the grandparent for a period of six consecutive months or more *within the past two years.* Although the child lived with the appellants for a period greater than six months, he has not lived with them since October, 1988. W. Va.Code § 48–2B–5 did not become effective until May, 1992, more than three years after the child left the appellants' residence. Moreover, the appellants did not petition the court for visitation until October, 1993, five years after the child stopped residing with them. Because the appellants could not have brought their petition for visitation within two years of the time the child stopped residing with them, we find the court correctly denied the appellants' request for visitation based upon W. Va.Code § 48–2B–5 (1992) (Repl.Vol.1996).

For the reasons herein stated, we find that the circuit court correctly denied the appellants' request for grandparent visitation under the statute. Therefore, the November 7, 1995, order of the Circuit Court of Mingo County is affirmed.

Affirmed.

MAYNARD, J., deeming himself disqualified, did not participate in the decision of this case.

---

(3) The petitioning grandparent has been refused visitation with a minor grandchild by the custodial parent for a period of six months or more.

(b) In determining the appropriateness of granting visitation rights to a grandparent pursuant to this section, the court shall consider the amount of personal contact between the grandparent and minor child prior to the filing of the petition, whether or not the granting of visitation would interfere with the parent-child relationship and the overall effect of such visitation on the minor child's best interest.

**13.** W. Va.Code § 48–2B–5 (1992) (Repl.Vol. 1996), states:

(a) Notwithstanding any provision of this code to the contrary, a grandparent may petition the circuit court of the county in which he or she resides for an order granting said grandparent reasonable visitation rights where:

(1) Said minor grandchild has resided without significant interruption with the grandparent with the parents residing elsewhere for a period of six consecutive months or more within the past two years;

(2) The minor grandchild is subsequently removed from the home by a parent or parents; and

(3) The removing parent or parents have refused to allow the petitioning grandparent visitation with the minor child who formerly resided in the grandparent's home.

(b) If the circuit court determines that the requirements set forth in subsection (a) of this section have been shown, it shall grant such reasonable visitation rights to the petitioning grandparent as may be consistent with the minor child's best interests.